## James M. Walker *et al.*

*v.*

## Lorenzo Stevens.

1. ATTORNEY AT LAW—*liable to his client for negligence of his employee.* Where an attorney at law employs another person to prosecute a claim placed in his hands for collection, he is liable to his client for the negligence of the person so employed by him, and the fact that such person is himself a competent lawyer, does not relieve the attorney employing him from liability to his client on account of such negligence.

2. A claim placed in the hands of an attorney was in the shape of a judgment in the circuit court, and it was presented in the county court on the 31st of October, 1865, for allowance against the estate of the judgment debtor; the only question in regard to it was as to the allowance of an alleged credit of $25 claimed to be evidenced by a receipt. On the 15th of August, 1866, the claim not having been allowed, an order of distribution of the estate was made by the county court, which exhausted the assets of the estate, leaving nothing for this claim: *Held*, that there

194 WALKER *et al. v.* STEVENS. [Sept. T.

Opinion of the Court.

was evidence from which the jury might find that, by the exercise of proper diligence in prosecuting the claim, an allowance might have been obtained prior to the 15th day of August, 1866, and that if it had been so obtained, the claim would have shared in the order of distribution, and having so found, their verdict should not be set aside.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Mr. SIDNEY SMITH, for the appellants.

Mr. E. A. SMALL, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action brought to recover for damages resulting to the plaintiff by reason of the neglect of the defendants to prosecute, with proper diligence, a claim intrusted to them, as attorneys at law, for collection, against the estate of one Edwin Richards, deceased. One trial was had, resulting in a verdict and judgment for the defendants.

On appeal from that judgment to this court, the judgment was reversed for the reason that the verdict was against the evidence, and the cause remanded for a new trial. The case is reported in 55 Ill. 151.

Another trial was then had in the court below, which resulted in a verdict and judgment for the plaintiff, for $3071.25, from which judgment the defendants took this appeal, and now ask that this last judgment be reversed, principally on the ground that the verdict was unwarranted by the evidence.

We do not perceive that the state of facts, as now presented, is essentially changed from what it was when the case was before us at the former time.

The chief additional testimony is in reference to Mr. Smith, introduced in view of an observation made in the opinion delivered in the case before, that "the care and management of the case was intrusted almost entirely to Mr. W. P. Smith, who was at that time a clerk in their (defendants') office." The further proof is now in the record that Mr. Smith was a com-

petent lawyer, who was admitted to the bar of this State in 1861. But it in nowise relieves against the effect of Mr. Smith's neglect, that he was a competent lawyer, instead of a clerk in defendants' office.

The plaintiff employed the defendants, and they, in turn, intrusted the matter in the hands of Mr. Smith, and are responsible for any negligence of his.

Appellants claim that they are now seeking to present a new ground of defense. not urged before, to-wit : that the loss of plaintiff's claim was not chargeable to the negligence of the defendants, but to errors of the county judge.

The record shows that, on the 15th day of August, 1866, it appearing to the county court that the administrators of the estate of Edwin Richards had in their hands sufficient funds belonging to the estate to pay the claims allowed against it, there was an order of distribution of that date, made by the county court, that the administrators pay all claims allowed against said estate. This order of distribution. it is claimed, exhausted the entire assets, leaving nothing for plaintiff's claim, which had not then been allowed. It is insisted that this order of distribution was in direct violation of law; that the claim of the plaintiff having been presented within two years from the granting of letters of administration, was entitled to a *pro rata* share of the estate the same as other claims, and that this wrongful order of distribution caused the loss of plaintiff's claim.

As the plaintiff's claim was presented for allowance on the 31st day of October, 1865, and consisted of a judgment in the circuit court, and as the only question in regard to it seemed to be as to the allowance of an alleged receipt for $25, as a credit upon it, there was evidence from which the jury might find that, by the exercise of proper diligence in prosecuting the claim for allowance, an allowance of the claim might have been obtained prior to the 15th day of August, 1866, and that if it had been so obtained, the claim would have shared in the order of distribution. The finding

of the jury in this regard we can not say is so unwarranted by the evidence as to require that the verdict should be set aside.

Objection is taken to the giving of the fourth and fifth instructions for the plaintiff, which were to the effect that there was a right of recovery if the claim of the plaintiff was lost in consequence of the negligence of the defendants in failing to procure its allowance in the county court on or before the 15th day of August, 1866.

Under the evidence, we fail to perceive any sufficient ground of objection to the instructions.

The judgment must be affirmed.

*Judgment affirmed.*