## J. P. CUMMINS V. FRANKLIN A. HEALD.

1. ACCEPTANCE OF NOTE *for Collection; Nature of Undertaking.*  If an attorney at law accepts a note for collection, and executes to the owner his written receipt that he has received the claim "for collection," he undertakes thereby to collect, not merely to remit for collection to some responsible attorney.

2. AGENT'S EMBEZZLEMENT; *Principal's Liability.*  If an attorney contracts to collect a debt, he is civilly liable for the embezzlement of the collection by his agent.

3. INTEREST *on Money Collected; Attorney, When Liable for.*  An attorney is not ordinarily liable for interest on money collected until a demand to pay over the same is made; but where the money collected is at once embezzled by the attorney, or his agent making the collection, no demand is necessary before the institution of a suit therefor, and interest may be recovered from the date of the collection.

### *Error from Ottawa District Court.*

ACTION by *Heald* against *J. P. Cummins*, doing business as J. P. Cummins & Co., brought March 20, 1879, to recover $408.37, with interest, said sum being the proceeds of two notes deposited with the defendant by the plaintiff for collection.   The plaintiff and defendant lived in Ottawa county. The first note read as follows :

"$134.                                    August 15, 1873.

" Four years after date, I promise to pay to Franklin Heald, or bearer, one hundred and thirty-four dollars, value received, with interest at 7 per cent., due August 15, 1877.

MATHIAS GERMAN."

Statement of the Case.

On the delivery of this note, the defendant gave plaintiff this receipt:

"BANK OF MINNEAPOLIS, MINNEAPOLIS, KANSAS.

"Deposited by F. Heald, Oct. 22, 1877, for collection, $134, and interest. J. P. CUMMINS & CO."

The second note was as follows:

"$194.75. ALMA, KANSAS, April 17, 1874.

"Five years after date, I promise to pay to the order of Mathias German, one hundred and ninety-four and $\frac{75}{100}$ ($194.75) dollars, at Grant P. O., Mission Creek Tp. Value received. Interest at ten per cent. GEORGE SUMMERS."

This note was indorsed:

"Pay to the order of F. A. Heald.

MATHIAS GERMAN.

"April 27, 1875, received on within note $25."

On the delivery of this note, the defendant gave plaintiff this receipt:

"MINNEAPOLIS, KANSAS, September 7th, 1878.

"Received of F. A. Heald one note for collection, given to Mathias German, dated April 17th, 1874, due five years after date, drawing ten per cent. interest from date, for $194.75, with $25, credited on said note, April 27th, 1875.

J. P. CUMMINS, and
J. H. HAUNES."

The second note was secured by a real-estate mortgage. The parties liable on these notes lived in Wabaunsee county, in this state. Defendant sent the notes and mortgage to one F. W. Kroenke, a lawyer living in Wamego, near to Wabaunsee county, to be collected. He collected the notes, retained the proceeds, and absconded. Cummins, as a defense, set up that Heald directed him to send the notes to Kroenke; that the latter was then a competent and responsible attorney, and that he was not liable for the embezzlement of the money. The case was then tried at the October Term, 1879, before the court, with a jury. Plaintiff testified that defendant was to have 2½ per cent. for collecting, but if suit had to be brought, he was to have, also, the attorney's fees provided for in the mortgage. Defendant testified that he had been

doing a general collecting business since July, 1875; that he advertised for such business, and had been practicing as an attorney ever since he came to Minneapolis, about five years. The jury returned the following special findings:

"1st. Did J. P. Cummins & Co. receive the notes in controversy as a banker? *Answer:* No.

"2d. Did J. P. Cummins receive the notes in controversy as an attorney at law for collection? *Ans.:* Yes.

"3d. Were the notes in controversy to be collected in person by J. P. Cummins & Co.? *Ans.:* Yes.

"4th. Were the notes in controversy to be sent to an attorney at law for collection? *Ans.:* No.

"5th. Did the defendant receive the money on the notes from Kroenke? *Ans.:* No.

W. F. STROUDER, *Foreman."*

A general verdict was rendered for the plaintiff for $445.37, a new trial was denied, and judgment entered upon the verdict. The defendant brings the case here.

*J. P. Cummins,* and *McClure & Humphrey,* for plaintiff in error.

*Thompson & Thompson,* and *Johnston & Freeman,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The principal question presented for our determination is, who shall bear the loss occasioned by the embezzlement of F. W. Kroenke—Heald, the owner of the notes, or Cummins, who received the notes for collection? Counsel for plaintiff in error contend that as Cummins failed to receive any of the proceeds of the notes from Kroenke, he is not responsible for the loss, as he acted in good faith, and exercised ordinary care and diligence in all the transactions. Again, it is claimed by them, that Cummins received the notes for collection as a banker; that he was requested by Heald to send the notes to an attorney at law for collection; that in accordance with the request, he forwarded them to Kroenke; that Heald approved of his selection and action, and thereby that Kroenke was not the agent of Cummins,

but of Heald only. In view of the evidence adduced upon the trial, and the special findings that Cummins received the notes as attorney at law "for collection," and that the notes were to be collected by him, the latter claim has no support in the record. Therefore, we can inquire only as to the liability of Cummins under the terms of the receipts for the collections. The decision in *Bradstreet v. Everson*, 72 Pa. St. 124, is a leading case upon the legal interpretation of a similar receipt of a claim for collection. It is there stated that such a receipt "for collection," imports an undertaking by the attorney himself to collect, and not merely that he receives it for transmission to another for collection, for whose negligence he is not to be responsible; that the attorney executing the receipt is therefore liable by its very terms for the negligence of the distant attorney, who is his agent; that he cannot shift responsibility from himself upon his client; that there is no hardship in this, for it is in his power to limit his responsibility by the terms of his receipt, when he knows he must employ another to make collection. See, also, Weeks on Att'ys, § 117; Wharton on Neg., § 753; 8 Ohio St. 465; 11 N. Y. 203; 79 Ill. 193; 83 Pa. St. 305; 13 Blatch. 237. The authorities are decisive against the relief of Cummins on the ground of his good faith, or the exercise of ordinary care and diligence. He took the notes "for collection;" he corresponded with Kroenke; he selected him as his agent; he sent the notes to him at his own instance, and as he must be held liable under the receipts for collections made by his own agent, he must suffer the loss occasioned by the fraud of such agent.

Counsel question the correctness of the instruction of the court that Heald was entitled to interest from the time the money was collected: $173.75 was collected by Kroenke on January 15, 1878; and $256.75 was collected August 26, 1878. Heald was informed by Cummins early in November, 1878, that Kroenke had collected the notes and absconded. Plaintiff in error alleges no demand was made until November 25, 1878, and that the jury cast interest on the

money from the dates of the collections. It is the general rule that an attorney who collects money must give his client notice thereof immediately and await instructions, and that no action will lie for the money collected by him until a demand is made, ( *Voss v. Bachop*, 5 Kas. 59;) yet, when the collection is followed by an embezzlement of the money collected, no demand is necessary to maintain an action for the recovery of the money. As Cummins was civilly liable for the fraud of his agent, and as the money was embezzled upon its collection, the instruction of the court was not erroneous. (Comp. Laws 1879, ch. 51, p. 509.)

The judgment of the district court will be affirmed.

All the Justices concurring.