## N. W. Weaver v. City of Gainesville.

### No. 18.

1. **Parol Evidence—Written Contract.**—Where a writing purports to be the whole of the agreement between the parties. it can neither be added to nor varied by parol evidence, unless on its face it should in some way rebut the presumption that it is complete.

2. **Same—Deed—Consideration Part of Contract, when.**—Where a deed to a city recited that the land was to be used only for widening a street, and that the city was to adjust the grantor's fencing to the new street line, this was held to evidence the contract between the parties, and parol evidence of a further consideration or agreement that the city was also to fill up a certain ditch was properly excluded.

Appeal from Cooke.    Tried below before Hon. D. E. Barrett.

*Mathis & Lewis* and *Claude Weaver*, for appellant.—The court erred in excluding testimony offered to show that the city agreed to fill up the ditch.    The suit is upon a contract of which the conveyance of the land is the performance on one side, and not the contract itself.    The deed here is but an incident and part of a larger and more comprehensive transaction.    The plaintiff's contract is collateral to and independent of the deed; and parol evidence is admissible to vary the consideration expressed in a deed.    Thomas v. Hammond, 47 Texas, 53; Taylor v. Merrill, 64 Texas, 494; Greenwood v. Pierce, 58 Texas, 131; Cox v. Bray, 28 Texas, 259; Railway v. Scott, 68 Texas, 694; Younger v. Welch, 22 Texas, 417; Wilkinson v. Scott, 17 Mass., 256; Preble v. Baldwin, 60 Mass., 557; Wills v. Hurlbut, 117 Mass., 152; Carr v. Dooley, 119 Mass., 296; Lewis v. Seabury. 74 N. Y., 409; Jones on Const. Con., sec. 136, et seq.; 1 Greenl. Ev., sec. 284.

No brief for appellee has reached the Reporter.

STEPHENS, Associate Justice.—Appellant Weaver brought this suit in the District Court of Cooke County against the city of Gainesville, for a breach of an alleged verbal contract with said city, and, failing to recover, has appealed from the judgment of the court below.

The single question presented for our determination arises . upon the exclusion from the jury of certain testimony offered by appellant.

On or about the 3rd day of May, 1887, appellant executed and delivered to the appellee a deed in the usual form, conveying a certain piece of land situated in said city of Gainesville, reciting a consideration of $1, cash in hand paid.    This deed bears date May 3, 1887; was acknowledged on the 5th day of May, and recorded on the 19th day of May, 1887.    It contained, after the part which conveyed and described the land, the following pro-

vision: "The aforesaid is deeded by me to the city of Gainesville for the purpose of widening said West Hudson Street to Elm Creek, and the said property is to be used alone for said purpose. The city council, through its proper authority, to cause the removal and placing of my fixtures upon the proper line in accordance with this deed." Then follows the usual form, "together with all the rights, members, hereditaments," etc. The minutes of the proceedings of the city council of Gainesville contain the following entries: "April 19, 1887, on motion of Alderman Brooks the question of opening up Elm Street West, also the straightening up of Hudson Street, was referred to a special committee, consisting of Brooks and Howeth, with instructions to investigate and report to the city council at its next regular meeting." "May 3, said committee given further time." "May 17, committee given further time." "May 17, the special committee to whom was referred the matter of straightening up West Hudson Street, reported that they had secured deeds from Curtis Blackwood and N. W. Weaver to a sufficient amount of land lying along said street to straighten the same. Report adopted and deed ordered recorded."

Appellant proved by W. L. Fletcher, her father, that on or about the 3rd day of May, 1887, being thereunto duly authorized by appellant, he went upon the ground in controversy with said Brooks and Howeth, and agreed with them that, in consideration that the city would fill up a certain objectionable ditch on said land, adjacent to other land of appellant, and put the streets in good condition, with the proper drainage, and remove appellant's fence to her north boundary line, appellant would convey the land in controversy to the city; which agreement was fully assented to by Brooks and Howeth (according to the testimony of said Fletcher), and the terms of the same reported by him to appellant, who assented thereto and made the conveyance above described. Some proof was also introduced by appellant of subsequent conversations with the mayor of said city and with the chairman of committee on street improvement, to the effect that said ditch would be filled up and the street put in proper condition. The proof of the verbal agreement was all excluded from the jury, because the deed introduced in evidence was the contract of the parties, and the above testimony sought to vary a written contract by parol testimony, and the court announced that he would not permit the introduction of any further testimony which sought to show that in addition to the considerations expressed in the deed there was a contract by the city to fill and drain the ditch aforesaid, and to properly drain and grade the street, etc. The court signed the bill of exceptions, setting forth the above proceedings, with the explanation, "That defendant's counsel objected to the testimony of witnesses as to what Brooks and Howeth and other aldermen stated, as to how Mayor Rowland acted and what he said in reference to matters in controversy, because no one of

them had the power lawfully to bind the city, and it was not shown that the city, in its corporate capacity, ever ratified either of their acts or their statements; and while this can have no effect upon the present appeal, because plaintiff did not conclude the introduction of his testimony, we invite the action of the court upon this point, in order to settle the question on another trial in case this case is reversed."

It appeared upon the trial that appellant owned valuable residence property adjacent to West Hudson Street, which was rendered unsaleable by the ditch and defective drainage sought to be obviated, and that the inducement to her to execute the deed was to have said ditch filled and the street improved, so as to render said vacant residence property saleable.

The line which separates the exceptions, real or apparent, from the rule which excludes oral testimony where a valid written instrument has been executed between the parties, is sometimes very difficult to trace. We find this case very near that line.

It seems to be well settled, that "Where men have put into writing any portion of their terms of agreement, they can not alter by parol evidence that which they have written; and when the writing purports to be the whole of the agreement between the parties, it can neither be added to nor varied by parol evidence." It is also laid down that the writing on its face should rebut the presumption that it is complete. It is, however, like other contracts, to be interpreted in the light of surrounding circumstances and the situation of the parties. In this case, if there had been nothing in the deed except the conveyance of the property for street purposes upon the nominal consideration of $1, the oral testimony should not have been excluded. We are of opinion, however, that inasmuch as the deed, after reciting this consideration and granting the land in the usual form, contained, in connection with limiting the extent and purpose of this conveyance, the stipulation that the city, through its proper authority, should perform certain acts for appellant, as set forth in the conclusions of fact, it purported on its face to contain the entire contract of the parties, even when read in the light of surrounding circumstances. While the widening of the street may have been of public benefit, it was also apparently beneficial to appellant; and as it was conveyed only for public use, we would not be warranted in presuming that any further or greater consideration was promised by the city than the expense of opening the street. There is no allegation that plaintiff was defrauded or that there was any mistake in the preparation or execution of the deed. Appellant simply declares upon the verbal contract, and claims damages for a breach thereof.

In Railway v. Garrett, 52 Texas, 133, appellant set up a failure of consideration in a deed to the right of way, on the ground that the rail-

road company had failed to locate a depot on his land, as verbally agreed when the deed was made, alleging that that was the consideration and inducement for the making of the deed. The consideration recited in the deed was the sum of $1, in hand paid, and the further consideration that the company would locate its railroad over the lands of appellant. In the opinion in that case we find this language: "As this deed was executed by the plaintiff and accepted by the defendant, this recital is more than a mere receipt of the payment of the purchase money; it is also the written evidence of a contract between the parties that the plaintiff would grant the right of way and that the defendant would construct its road over the same. To permit a parol contemporaneous condition to be engrafted upon a deed in writing, it should be upon proper allegation of fraud, accident, or mistake, and upon clear and satisfactory evidence." We think this case is in point. See also Railway v. McKinney, 55 Texas, 176; Purinton v. Railway, 46 Ill., 297.

Our conclusion is, that the judgment of the court below must be affirmed, and it is accordingly so ordered.

*Affirmed.*

Delivered November 1, 1892.