THE FIRST NATIONAL BANK OF GIRARD, KANSAS, v. H. G. CRAIG.

NO. 88.

1. PROMISSORY NOTE, *Collection of—Liability of Agent.* Where the owner of a note places it in a bank for collection, without any understanding or instructions other than this: "When due please collect, and apply proceeds to my paper," and the bank voluntarily selects a person to present said note at the place named therein and demand and receive payment thereon, and the person so selected does collect the amount due upon the note, *held,* that the person so selected is the agent of the bank selecting him, and that the bank must be considered as having collected said note, and is liable to the owner for the amount so collected.

2. ——— *Liability of Banker.* If the same state of facts exists, a banker who takes a note for collection assumes the same liability as an attorney at law.

MEMORANDUM.—Error from Crawford district court ; S. H. ALLEN, judge. Action by H. G. Craig against The First National Bank of Girard, Kan. Judgment for plaintiff. Defendant brings the case to this court. Affirmed. The opinion herein, filed December 4, 1895, states the material facts.

*Fuller & Randolph,* for plaintiff in error.

*J. Q. Stratton,* for defendant in error.

The opinion of the court was delivered by

DENNISON, J. : The facts as shown by the record in this case, briefly stated, are as follows : On January 6, 1889, the defendant in error, Craig, was indebted to the plaintiff in error in the sum of $900 and applied to it by letter for an additional loan of $700. He inclosed in said letter a note with the following instructions : "I send you as partial collateral a note secured by chattel mortgage for $432.25, due February 16, 1889. When due please collect, and apply proceeds

to my paper.—H. G. CRAIG." Its receipt was acknowledged as follows :

"Yours of the 5th inst. received, with note of George Hill for $432.25 for collection and to be credited on your note to us. Inclose you blank note for $700 for your signature and return to us. Yours,

J. T. LEONARD, *Cash.*"

A copy of said note is as follows :

$432.25.            WALNUT, KAN., August 16, 1888.

Six months after date, for value received, I, as principal, promise to pay to the order of H. G. Craig, at the Bank of Walnut, Kan., $432.25, with interest thereon at the rate of 12 per cent. per annum from maturity. The drawers, indorsers and guarantors severally waive presentment for payment, protest or notice of protest of nonpayment of this note. Appraisement waived.            GEORGE HILL.

This note secured by a chattel mortgage even date.
Due February 16, 1889. No. 19735.

And it is indorsed upon the back as follows :

"Pay First National Bank of Girard or order.—H. G. CRAIG."

"Pay J. V. Pierce, Pt., or order, for collection, account of First National Bank, Girard, Kansas.—J. T. LEONARD, *Cash.*"

Shortly before the maturity of the note the plaintiff in error made the last indorsement on said note, and sent the same to J. V. Pierce, president of the Bank of Walnut, Kan., for collection. The note was paid by Hill, the maker, on the 19th of February, 1889, and on the next day the Bank of Walnut failed, and neither the said J. V. Pierce nor the Bank of Walnut has ever paid the plaintiff in error or any one else the amount collected from Hill, nor any part thereof.

The case was tried by the court without a jury, and its findings of fact and conclusions of law are fully set

out in the following journal entry, to wit (omitting title):

"Now, on this day, this cause came on for decision and judgment on the evidence and arguments heretofore submitted; and the court, after careful consideration thereof, finds from the evidence that on the 6th day of January, 1889, the plaintiff indorsed and deposited in the bank of the defendant, for collection, a note, dated August 16, 1888, made by one George Hill, payable to the order of the plaintiff, at the Bank of Walnut, Kansas, for $432.25, due in six months, with directions to collect, and apply the proceeds on the indebtedness of plaintiff to defendant; that the place of payment of said note was written in said note by the plaintiff, and the words 'First National Bank of Girard, at its office in Girard, Kansas,' erased from the blank used; that at said time the plaintiff owed the defendant $900 and was negotiating for a further loan of $700; that a few days before said note of said Hill became due the defendant sent said note by mail to the Bank of Walnut, where the same was payable by its terms, indorsed by defendant as follows: 'Pay J. V. Pierce, Pres., or order, for collection, account of First National Bank of Girard, Kansas.— J. T. LEONARD, *Cash.*'; that when said note became due it was paid by said Hill to said Walnut bank, and immediately thereafter said Walnut bank failed, and has never accounted to or paid either of the parties to this action any of the money so collected, and is wholly insolvent and worthless; that the sum collected, with 6 per cent. interest thereon from the date of collection, now amounts to $488.79, and that said defendant, before the commencement of this action, refused to apply said sum on the indebtedness of plaintiff to defendant, or to pay the sum to plaintiff; and that plaintiff has paid all sums that were owing by him to defendant at the time said sum was paid to said Walnut bank, with an express agreement between the parties that such payment should not prejudice his right in this action.

"I find as a conclusion of law, that in collecting said note the Bank of Walnut acted as the agent of de-

fendant, and that the plaintiff ought to recover of the defendant the amount of said note, and 6 per cent. interest from the date of collection by the Bank of Walnut.   It is therefore considered, ordered and adjudged by the court, that the plaintiff, H. G. Craig, have and recover of and from the defendant, the First National Bank of Girard, the sum of $488.79, together with his costs herein, taxed at $——, to all of which findings, conclusions and judgments the defendant excepted and excepts. ''

The said bank brings the case here for a review of the said judgment.   The only question to be settled is whether, under the above state of facts, the bank or Craig must be the loser by the default of the Bank of Walnut.

During the trial in the court below there was some controversy between the parties as to whether the bank held the note as collateral or for collection.   The plaintiff in error contends that this controversy is now out of this case, because the court below found it was held for collection.   The defendant in error has filed no brief.   We may say, however, that the letters which passed between the parties are the best evidence of how the note was held, and the evidence of the cashier as to what he intended to do in the premises is immaterial.   It must be conceded that if Craig had been insolvent and had applied for the note he could not have compelled the bank to deliver it to him, neither could he, without the consent of the bank, have maintained an action against Hill for the amount of the note.   It therefore follows that the finding by the court that the note was held by the bank for collection was extremely favorable to this plaintiff in error, and that the equities in the case are not in its favor.   We will assume, then, that Craig sent this note to the plaintiff in error for collection.   Did said plain-

tiff in error collect it? It will be conceded that if it was collected by the employee or agent of the plaintiff in error it must be considered collected by said plaintiff in error. It was collected by J. V. Pierce, president of the Bank of Walnut. In making the collection he was the agent of some one. The pivotal question in this case is whose agent he was. If he was the agent of Craig, then Craig must stand the loss. If he was the agent of the First National Bank of Girard, then said bank must stand the loss. Craig, in originally taking the note, made it payable at the Bank of Walnut. He therefore directed where it should be payable but not who should be his agent in receiving the payment. He gave the plaintiff in error no instructions as to who should present the note for collection — whether it should be the president or the cashier of the Bank of Walnut, or some attorney or other person residing at Walnut. The plaintiff in error was at perfect liberty to select any person it might choose to present the note at the bank and demand the payment thereof. It could have selected the president or the cashier, or any other person. In fact, it could have selected the defendant in error, if it had so desired. He lived close to Walnut and could have presented it with but little trouble. The plaintiff in error voluntarily selected the president of the Bank of Walnut to represent it, and to act as its agent in presenting the note and demanding payment at the place where it was payable and in receiving the payment thereof, and is responsible to the defendant in error for the amount so collected. The defendant in error made the plaintiff in error his agent to collect the note, and it nowhere appears that he authorized it to select any other agent for him. In the case of *Cummins v. Heald*, 24 Kan. 600, the

supreme court held that Cummins was civilly liable for the embezzlement of his agent in a case similar to this.   The main difference is that Cummins was both a banker and an attorney at law, and the jury found specially that he received the notes as an attorney at law for collection.   In that case it was held, that where an attorney at law takes a note "for collection" he undertakes thereby to collect—not merely to remit for collection to some responsible attorney.   If the same state of facts exists, we apprehend a banker would be liable the same as an attorney at law.   In the case of *Bank of Lindsborg v. Ober*, 31 Kan. 599, the court found that the defendants in error delivered a note to the First National Bank of Salina for collection, *with the understanding* that it would be by them forwarded to the Bank of Lindsborg for collection.   The supreme court in that case says that it is not necessary to determine whether the First National Bank of Salina is liable or not, as that question is not before the court.   It does, however, hold that by making the Bank of Lindsborg its agent for the collection of such note the Bank of Lindsborg becomes liable to it for any negligence in collecting said note.   We think the decision in that case in harmony with this one; *i. e.*, the agent of the owner is liable to the owner for acts of subagents selected by the said agent upon his own responsibility.   In *Bank of Lindsborg v. Ober*, supra, the Bank of Lindsborg was the agent of Ober & Hageman and selected McPhail as its subagent.   McPhail made a mistake.   Ober & Hageman recovered against the Bank of Lindsborg.   In the case at bar the First National Bank of Girard, Kan., was the agent of Craig, and selected J. V. Pierce, president of the Bank of Walnut, as its sub-

agent.   Pierce defaulted.   Therefore Craig should re-
cover from the First National Bank of Girard, Kan.

The judgment of the court below is affirmed.

All the Judges concurring.