BARNES v. BRYCE.

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 21, 1911. Rehearing Denied Nov. 18, 1911.)

1. COURTS (§ 122*)—JURISDICTION—"AMOUNT IN CONTROVERSY."

In the absence of a plea to the jurisdiction, averring that the sum claimed is fraudulently alleged to give the court jurisdiction, the amount well pleaded is the "amount in controversy" and fixes the jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 122.*

For other definitions, see Words and Phrases, vol. 1, pp. 376, 377; vol. 8, p. 7574.]

2. COURTS (§ 247*)—JURISDICTION—"AMOUNT IN CONTROVERSY."

Where, in an action in justice's court and appealed to the county court, plaintiff demanded judgment for less than $100, and defendant filed a counter demand for $200, and the county court rendered judgment against plaintiff on his cause of action and in defendant's favor on the counterclaim for $175, the "amount in controversy," within Rev. St. 1895, art. 996, conferring on the Court of Civil Appeals appellate jurisdiction when the amount in controversy exceeds $100, must be determined from the counterclaim, and that defendant remitted the judgment in his favor will not defeat the jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 749–765; Dec. Dig. § 247.*]

3. EVIDENCE (§ 397*) — PAROL EVIDENCE — VARYING WRITTEN INSTRUMENTS.

An instrument, which recites that plaintiff has turned over to defendant for collection a note for a specified sum, imports an agreement on defendant's part to collect the note in money or to exercise due diligence to do so, and in the absence of fraud, accident, or mistake, the instrument may not be varied or contradicted by parol.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1756–1765; Dec. Dig. § 397.*]

4. EVIDENCE (§ 434*)—FRAUD — PAROL EVIDENCE.

Evidence held not to raise the issue of fraud in the execution of a written instrument, reciting that plaintiff had delivered to defendant for collection a note of a third person, so as to admit parol evidence to vary the instrument.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2005–2020; Dec. Dig. § 434.*]

Appeal from Montague County Court; W. T. Russell, Judge.

Action by W. T. Barnes against J D. Bryce. From a judgment for defendant, rendered by the County Court on appeal from a justice's judgment for plaintiff, he appeals. Reversed and remanded.

Jameson & Spencer, for appellant. Geo. S. March, for appellee.

CONNER, C. J. W. T. Barnes sued J. D. Bryce in a justice's court of Montague county to recover the sum of $63.35 because of an alleged conversion of a certain promissory note for that amount. The suit was based upon the following instrument:

"Bowie, Texas, December 1, 1908.

"This is to certify that W. T. Barnes have this day turned over to me for collection one promissory note on Greenbury Richardson for sixty-three dollars and thirty-five cents, due November 1, 1908.

his

"[Signed]  J. D.  X  Bryce.

mark

"Witness: W. S. Trimble."

The plaintiff alleged that the note had been delivered to Bryce for collection as indicated by the instrument quoted, and that Bryce had later converted the same to his own use.

The defendant Bryce filed a counterclaim for damages in the sum of $200 because of certain alleged fraud and misrepresentation.

The trial in the justice's court resulted in a judgment in the plaintiff's favor, but upon appeal to the county court the judgment was against him upon his cause of action and in defendant's favor upon his counterclaim for the sum of $175. The defendant, however, on motion for rehearing, remitted the judgment in his favor, and the plaintiff has duly prosecuted an appeal.

Appellee has moved to dismiss the appeal for the reason, as he alleged, that we are without jurisdiction; the contention being that since the remittitur the amount in controversy is less than $100. The motion must be overruled. The jurisdiction of this court extends to all cases within its territorial limits of which the county court has appellate jurisdiction when the judgment or amount in controversy, or the judgment rendered shall exceed $100 exclusive of interest and costs. Revised Statutes, art. 996.

[1] And it is well settled that, in the absence of a plea to the jurisdiction averring that the sum claimed is fraudulently alleged for the purpose of giving jurisdiction to the court, the amount well pleaded is the amount in controversy and fixes the jurisdiction. See Nashville, C. & St. L. Ry. Co. v. Grayson Co. Nat. Bank, 100 Tex. 17, 93 S. W. 431; Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, 881; Ins. Co. v. Bank, 135 S. W. 1083. There was no such plea to the allegations of appellee's cross-action, nor was it subject to general demurrer.

[2] The amount in controversy, therefore, as must be determined from this plea, was in excess of the $100 limitation of our jurisdiction. The fact that appellee remitted the judgment in his favor on his cross-plea will not defeat the jurisdiction conferred by the allegations of the counterclaim. See Jackson v. Corley, 30 Tex. Civ. App. 417, 70 S. W. 570 and authorities above cited.

Upon the merits the principal question presented by the assignments of error necessitates a determination of the character of the instrument of writing made to constitute the foundation of appellant's suit. Appellee's defense thereto, in substance, was that it was but a receipt intended to evidence the fact that the note had been delivered to him; that in truth prior to its execution it had been agreed by both parties thereto that he (Bryce) should take the note and trade the same together with certain notes of his own to one George Richardson for certain vendor's lien notes owned by the said Richardson, and that when the vendor's lien notes, which it was charged appellant had falsely represented to be good, were collected, the amount of appellant's note to be deposited in the bank to his credit; that the trade with Richardson had been consummated, but that the land notes thereby acquired were wholly worthless.

140 S.W.—16

[3] Error has been assigned to the court's ruling in admitting evidence in support of appellee's defense and in submitting the issue to the jury, and the merit of the assignments depends principally upon the character of the instrument. In form it purports to be a receipt; but we think the instrument something more than this. We are of the opinion that it is contractual in character. Its terms import an agreement on appellee's part to collect in money, or at least to exercise due diligence to collect, the note delivered to him as evidenced by the instrument. Bradstreet v. Everson, 72 Pa. 124, 13 Am. Rep. 665; First. Natl. Bank v. Craig, 3 Kan. App. 166, 42 Pac. 830. In the absence, therefore, of plea and proof that there was fraud, accident, or mutual mistake in the execution of the writing, it was not subject to be varied or contradicted by parol evidence. East Line & Red River R. R. Co. v. A. J. B. Garrett, 52 Tex. 133; Weaver v. City of Gainesville, 1 Tex. Civ. App. 286, 21 S. W. 317; Taylor v. Taylor, 54 S. W. 1049; Laufer v. Powell, 30 Tex. Civ. App. 604, 71 S. W. 550; State v. Paris Ry. Co., 55 Tex. 80; Ford v. Summers, 26 S. W. 460; 9 Cyc. 582; 1 Greenleaf on Evidence, § 277. This principle is so well settled in the authorities that it needs no elaboration, and indeed the trial court seems in several of his charges to have treated the instrument as contractual. But in the fourth clause of the general charge to which error is assigned the court without limitation of any kind instructed the jury to the effect that if they found from the evidence that the defendant did not take the note for collection, but took the same to trade to Richardson with the consent of the plaintiff and that in doing so "was carrying out the agreement between him and the plaintiff," that in that event the defendant would not be guilty of the conversion. In this we think the court erred.

[4] The writing, as we have indicated, by its terms imports an undertaking to collect in money, and did not authorize an exchange of the plaintiff's note for something else, and we think the evidence fails to raise the issue of fraud in its execution. The circumstances relied upon as constituting fraud consist in those alleged representations of appellant relating to the value of the land notes which induced the appellee to make the exchange and upon which his counterclaim is based. This evidence, however, has but remote bearing, if any, upon the issue of fraud in procuring the execution of the contract. Appellee himself testified: "At the time I signed the receipt, Mr. Trimble (the witness to the instrument) read it over to me before I made my mark. I know what the words 'for collection' mean as written in the receipt that I signed." The witness Trimble testified to the effect that W. T. Barnes and J. D. Bryce came into his store and requested him to write a receipt for them; that he wrote

the one in controversy and read it over to the parties before it was signed; and that "they both said it was all right." This evidence, which is substantially all there is of legal cognizance relating to the subject, in our judgment fails to even raise the issue of fraud in execution of the receipt itself. The additional fact that appellee could neither read nor write is not to be given weight in the absence of evidence that he was misled as to the terms or meaning of the instrument, and there is nothing shown so indicating. The court, therefore, was not only in error in submitting the issue as he did in the fourth clause of his charge, but also erroneously refused the peremptory instruction referred to in the tenth assignment directing the jury to disregard all evidence tending in any way to change or alter the legal effect of the written instrument upon which the suit had been brought.

It also follows that the court erred in instructing the jury that, if the instrument sued on was not properly read to the defendant, it would not be binding upon him; there being, as before indicated, no evidence whatever tending to show that the instrument was not properly read to the defendant.

We conclude that what we have said sufficiently disposes of the assignments of error, and that the judgment should be reversed, and the cause remanded.