### F. G. BRINCEFIELD v. R. L. ALLEN.

Decided February 7, 1901.

**1.—Landlord and Tenant—Breach of Lease Contract—Damages Not Too Speculative.**

In an action by the lessee for breach of a farm lease, the rent for which was to be one-half the returns from sale of the products raised, plaintiff's petition, alleging his eviction, and his damages at $500, the value of his one-half of the crop which would have been raised on the farm during the unexpired term of the lease, was not subject to general demurrer on the ground that the damages were speculative, uncertain, and too remote.

**2.—Same—Measure of Damages—Probable Value of Crop.**

The measure of plaintiff's damages was the reasonable market value of one-half of the crop he would be reasonably expected to have raised on the premises during the unexpired term, less such amount as he earned, or by the use of reasonable diligence might have earned by engaging in a different business after the breach of the lease contract. Loyd v. Capps, 29 Southwestern Reporter, 505, criticised and limited.

**3.—Same—Length of Term—Parol Evidence—Custom.**

Where a written lease did not specify the length of the term, a parol agreement as to its length could be shown, and in the absence of such agreement evidence of a custom or usage in this respect could be shown under proper allegations.

**4.—Same—Pleading—Demand by Lessee.**

Where the lessor had breached the lease contract and evicted the lessee, a demand by the latter for a compliance with the terms of the contract is not necessary to complete his cause of action.

Appeal from the County Court of Calhoun. Tried below before Hon. M. B. Mahon.

*J. W. S. Holman,* for appellant.

*Willett Wilson,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant brought this suit to recover of appellee damages for the alleged breach of the following contract:

"Calhoun County, State of Texas.—Know all men by these presents that R. L. Allen and F. G. Brintzfield have this day entered into the

following contract: R. L. Allen is to furnish his team and feed for same, his farm situated about one mile from Port Lavaca, working implements and seed, and pay house rent for F. G. Brintzfield of $8 per month. F. G. Brintzfield is to farm and cultivate said land and attend to place, raising truck in a farmlike manner. R. L. Allen is to further furnish boxes, crates, nails and such stuff for shipments of produce raised. Said R. L. Allen and Brintzfield are to divide equally the returns from said place. At the end of four months, or before or after, R. L. Allen has the privilege of putting up a two-room addition to present house on said place for F. G. Brintzfield to live in, and thereby stop the payment of $8 per month rent.

"R. L. ALLEN,

"F. G. BRINCEFIELD.

"Port Lavaca, Texas, January 24th."

The petition sets out the contract in full, alleges its execution by the appellee, and the consequent liability, and promise of appellee to comply with the terms of said contract. It is further alleged in said petition that the lease of said farm under said contract was for a term of one year; that the contract of lease of said farm was more valuable for the latter half of the term of said lease than for the first half, because the fall and winter crop raised on said farm was much more valuable than the spring and summer crop; that upon the execution of said contract the plaintiff took possession of said farm and cultivated same in accordance with the terms of said contract until on or about the 16th day of July, 1900, when defendant, in violation of the terms of said contract, failed and refused to pay the $8 per month rent for the house occupied by plaintiff, and failed and refused to build for plaintiff's use the two-room addition to the house on said farm, as stipulated in said contract, and failed and refused to allow plaintiff to longer cultivate said farm, in violation of said contract dispossessed plaintiff of the use and enjoyment of said land, and refused to further comply with any of the terms of said contract. The damages prayed for in the petition were $50 for the rent of the house occupied by plaintiff for the unexpired term of said lease, and $500, the value of plaintiff's one-half of the crop which would have been raised on said farm during the unexpired term of said lease. The defendant in the court below filed a general demurrer and several special exceptions to plaintiff's petition, all of which were sustained by the court, and, plaintiff declining to amend, his suit was dismissed and a judgment for costs rendered against him, from which judgment this appeal is prosecuted.

We think none of the exceptions to this petition should have been sustained. The petition sets up a good cause of action against the defendant, and contains a prayer for general relief, and if it be conceded for the sake of argument that the damages claimed by the plaintiff are speculative, uncertain, and too remote to be allowed, still the general

demurrer to the petition should have been overruled, and plaintiff, under his prayer for general relief, would, upon proof of the breach of the contract as alleged in the petition, have been entitled to recover against the defendant nominal damages and the costs of the suit. Williams v. Wamell, 28 Texas, 610; Edgar v. Galveston City Co., 46 Texas, 221; 1 Suth. on Dam., pp. 13, 14.

It has been generally held, and the doctrine seems to be supported by the great weight of authority in this State, that where no special damage is alleged, the measure of damages for a breach by the lessor of a lease contract is the difference between the rent agreed to be paid and the actual value of the premises for the unexpired term at the time of the breach. While this rule has been generally applied to cases in which the premises had been rented for an agreed sum, it is also held to be the proper rule for the measure of damages in cases like the one at bar, in which the premises were leased for farming purposes under an agreement between the lessor and lessee that the profits to be realized from the cultivation of the farm should be divided between them. Loyd v. Capps, 29 S. W. Rep., 505. In this character of case we can not perceive how it is possible to apply the rule above quoted. In order to ascertain what rent was agreed to be paid, it would be necessary to show what would be the probable profits accruing to the lessor from the cultivation of the leased premises in accordance with the terms of the contract, and such probable profits might be shown to be largely in excess of the rental value of the premises for the unexpired term, in which event no damages could, under said rule, be recovered by the lessee. When we consider that the object sought to be obtained in laying down a rule for the measure of damages for a breach of contract is to secure an adequate and fair compensation to the injured party for the damages caused him by such breach when such damages are incidental to and caused by the breach, and may reasonably be supposed to have entered into the contemplation of the parties at the time of entering into the contract, it is apparent that the rule above mentioned is inapplicable to cases like the one under consideration. While it has been held that the probable profits to be derived from a performance of a contract are too speculative and uncertain to form a safe basis for the recovery of damages for a breach of such contract, this is only true in cases in which a safer and more certain rule can not be applied. The law does not require impossibilities, and when, in any gven case, it is impossible to prove with exactness what damages have been sustained, resort must then be had to what approaches nearest to certainty. The doctrine announced by Judge Finley in the case of Loyd v. Capps, supra, that "what the plaintiff would have made by being permitted to cultivate the land is subject to too many contngencies to constitute a reliable basis for a recovery of damages for a breach of contract," is too broad and unqualified a statement of the rule.

We think it a proposition too plain for argument that the plaintiff in

this case, having made a contract from the performance of which he would ordinarily and in the usual course of events have derived profit, is damaged by the breach of said contract to the extent of the profits he would have received had such contract been performed by the defendant, and that such profits were incident to the contract and must have been in contemplation of the parties when said contract was entered into.

It has been held that the profits of a business, where the past earnings of the business are shown, can be estimated with sufficient certainty to be recovered as damages.  Railway v. Dale, 72 Pa. St., 47. It would seem that the amount of produce that might be raised per acre upon a farm where the same kind of crop had been previously raised upon said farm, and its productiveness thus tested, is susceptible of as definite ascertainment as the probable earnings of a business, and the market value of such produce when so raised could be ascertained with equal certainty.  To deny the plaintiff in this case the right to show the probable amount and the value of the crop which could have been raised under ordinary conditions on the premises leased by him during the unexpired term of said lease, for the purpose of measuring the damages sustained by him by the breach of said contract, is to practically deny him the right to recover damages for the injury done him, for there is no other rule for measuring his damages under which he could receive fair compensation for the injury done him by the breach of the contract.  The term of the contract sued on in this case having passed since the filing of this suit, we think it can be shown with reasonable certainty what crop could have been raised upon the leased premises during the unexpired term of the contract remaining after the alleged breach.  We are of opinion that upon proof of the execution and breach of the contract as alleged in his petition, plaintiff would be entitled to recover the $8 per month rent for the unexpired term of said lease, together with the reasonable market value of one-half of the crop he would be reasonably expected to have raised upon said premises during the unexpired term of said lease, less such amount as plaintiff is shown to have earned, or by the use of reasonable diligence might have earned, by engaging in a different business after the breach of said contract.

The contract sued on in this case does not show the length of time for which the premises were leased, and either party could allege and show by parol the agreement as to how long the contract was to continue, if there was such an agreement, and if there was no express agreement on this subject, evidence as to custom and usage would be admissible under proper allegations.

If defendant, in violation of his contract, dispossessed plaintiff from said premises and refused to pay the rent of $8 per month for the house occupied by plaintiff, or to further comply with his contract undertaking, no demand on the part of plaintiff for compliance with the terms of said contract was necessary to complete his cause of action, and the petition is not subject to exception for failure to allege such demand.

It is unnecessary to notice the remaining exceptions to the petition

further than to say that one of them raises an issue of fact whch can not be determined by exception, and the petition is not open to the objection raised by the other.

The judgment of the court below will be reversed and this cause remanded for a new trial, and it is so ordered.

*Reversed and remanded.*