### J. W. STOVALL V. MATTIE GARDNER.

No. 1553. Decided May 16, 1906.

**Statute of Frauds—Contract—Pleading—Demurrer.**

When plaintiff's petition shows a cause of action based on a contract within the statute of frauds, and not in writing, it is subject to general demurrer. (Pp. 25, 26.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Hamilton County.

*A. R. Eidson* and *Dewey Langford,* for appellant.—The statute of frauds can be pleaded by general demurrer as well as by answer. Green v. Stubblefield, 5 Texas, 551; League v. Davis, 53 Texas, 9; Morris v. Gaines, 17 S. W. Rep., 538; Murphy v. Stell, 43 Texas, 123; Richerson v. Moody, 42 S. W. Rep., 317; Moore v. Boothe, 87 S. W. Rep., 882.

*Main & Chesley,* for appellee.—The defense of statute of frauds can not be raised by general demurrer. Garner v. Stubblefield, 5 Texas, 551; Erhard v. Callaghan, 33 Texas, 172; Richerson v. Moody, 42 S. W. Rep., 317.

GAINES, CHIEF JUSTICE.—This case comes to us upon a certified question from the Court of Civil Appeals for the Third District. The case was decided by that court and an opinion delivered by Mr. Justice Key; but a motion for a rehearing was filed and the question certified. The statement of the case appears from the opinion of the court, and the question is predicated upon that statement, which is as follows: "In this case appellee, as plaintiff, recovered a judgment against appellant for breach of a contract of employment. The plaintiff's petition shows on its face that the contract was verbal, and not written, that it was made before the 1st day of January, 1904, and was for one year's employment, beginning January 1 and ending December 31, 1904. The defendant answered (1) by general demurrer; (2) general denial; (3) that the contract was from month to month, and (4) that the plaintiff was discharged for cause. The court below overruled the general demurrer, and that ruling is assigned as error, appellant contending that the demurrer should have been sustained, because the plaintiff's petition showed on its face that the contract was within the stat-

ute of frauds. As the petition showed affirmatively that the contract was not in writing, and was not to be performed within one year from the time it was made, it disclosed a case within the statute of frauds, which declares that no action shall be maintained upon such contract." The question is: "Did this court rule correctly in holding that the plaintiff's petition was subject to the general demurrer interposed by the defendant? In other words, stating the question abstractly, when a plaintiff's petition, in all other respects sufficient, shows upon its face that the cause of action stated is within the statute of frauds, is it subject to a general demurrer?"

We answer the question in the affirmative. We have examined the authorities cited in the opinion of the Court of Civil Appeals, and we think that they amply support the conclusion of the court upon the point. We concur in the views expressed by the court, and deem it necessary to add but little to what is said in their opinion.

By the Act of February 16, 1852 (now art. 3371 of our Rev. Stats.), it is provided that "the laws of limitation of this state shall not be made available to any person in any suit in any of the courts of this state unless it be specially set forth as a defense in his answer." Since the passage of that Act it is held, by an unbroken line of decisions of this court, that, if the action appear upon the face of the petition to be barred by limitation, the defendant may take advantage of the defense by a special, but not by a general, demurrer. On the other hand, before the passage of the Act, it was repeatedly ruled that a general demurrer was sufficient. (Swenson v. Walker, 3 Texas, 93; Pryor v. Moore, 8 Texas, 250; Coles v. Kelsey, 2 Texas, 554.) If, when the bar of the statute of limitations appears upon the face of the petition, the defense may be interposed by general demurrer, we see no reason why, under a like pleading, the defense of the statute of frauds may not be taken advantage of, when the plaintiff's petition shows that the case falls within that statute.