W. B. PUTNAM v. ST. LOUIS SOUTHWESTERN RAILROAD COMPANY.

Decided June 13, 1906.

**Destruction of Crop of Fruit—Measure of Damage.**

In an action by a tenant to recover damages for the destruction of a crop of fruit by a fire caused by the negligence of a railway company in the month of January, the measure of damages is the difference between the value of the crop immediately before and immediately after the injury. Although the fruit may not have made its appearance at the time of the fire, it was in some stage of development which was arrested, and the crop thereby destroyed. The same rule applies as in cases of other annual crops.

Appeal from the District Court of Smith County. Tried below before Hon. R. W. Simpson.

*A. Morgan Duke, John M. Logan* and *McCord & Bullock,* for appellant.—The value of the crop that might have been grown on the land for a specified time can be shown as a basis for damages and the measure of damages usually applied, is that, that gives compensation for loss actually sustained. King v. Griffin, 87 S. W. Rep., 844; Rogers v. McGuffy, 87 S. W. Rep., 817; Rogers v. McGuffy, 74 S. W. Rep., 753; Brincefield v. Allen, 60 S. W. Rep., 1010.

Plaintiff would be entitled to show what the crop of peaches and apples would have reasonably brought had the fire not destroyed the trees (and this regardless of whether the peaches and apples on the trees had, in fact, come into existence) and the cost of cultivation, marketing to be deducted from the amount, and difference is measure of damages, be this called "profit" or not. International & G. N. Ry. Co. v. Pape, 73 Texas, 503; Raywood Rice, Canal and Milling Co. v. Langford Bros., 74 S. W. Rep., 926, and authorities cited under first assigned error.

*E. B. Perkins, Marsh & McIlwaine* and *J. S. McIlwaine,* for appellee. —The trial court properly sustained appellee's special exceptions; for,

upon the facts appearing from the pleading, the injury complained of was an injury to the freehold, and the measure of damages as laid in appellant's petition was improper and incorrect, the true measure of the lessee's (appellant's) recovery being the difference in the rental value of the premises immediately before and immediately after the injury complained of.

JAMES, CHIEF JUSTICE.—The action was brought by appellant to recover damages for the destruction of fruit trees by a fire, negligently set out by defendant in January, 1904. Plaintiff alleged that he had rented the farm upon which the fruit orchard was situated for one year beginning October 19, 1903; that the peach and apple orchard, at the time he rented it, was in a high and healthy state of cultivation, that he had rented it for the purpose of using and cultivating same and for marketing the fruit which he expected to obtain therefrom during his term, and which was "then growing." That he reasonably expected to and would have made and grown fruit on said trees of the value of $2.50 per tree net and clear of expenses. That the peach and apple crop which was upon said peach and apple trees at the time of the fire and which was killed and destroyed thereby was worth that sum net per tree, and that the trees so destroyed numbered seven hundred, and he prayed for judgment in the sum of $1,750 accordingly.

Defendant answered, by special exception among other things that the measure of damages alleged in plaintiff's petition could not be recovered, the same being defective in stating the incorrect and improper damages under the facts alleged, and that the true measure of damages upon the facts alleged is the difference in the rental value before and after the injury, and because it appeared from the petition that the fire occurred on January 10, 1904, before the crop had reached any stage of maturity.

The court sustained the exceptions and plaintiff declining to amend, the court rendered a judgment of dismissal.

Appellant's propositions are:

1. The value of the crop that might have been grown on the land for a specified time can be shown as a basis for damages and the measure usually applied is that which gives compensation for the loss actually sustained.

2. Plaintiff would be entitled to show what the crop of peaches and apples would have reasonably brought had the fire not destroyed the trees (and this regardless of whether the peaches and apples on the trees had in fact come into existence) and the cost of cultivation and marketing to be deducted from the amount, the difference is the measure of damages, be this called "profit" or not.

Appellant cites King v. Griffin, 87 S. W. Rep., 844; Rogers v. McGuffey, 75 S. W. Rep., 817; Rogers v. McGuffey, 74 S. W. Rep., 753; Brincefield v. Allen, 60 S. W. Rep., 1010; Raywood Canal & Milling Co. v. Langford, 74 S. W. Rep., 926; International & G. N. Ry. v. Pape, 73 Texas, 503. See also San Antonio & A. P. Ry. v. Kiersey, 81 S. W. Rep., 1045. These cases all have reference to annual crops, as distinguished from crops produced by perennial plants upon the land. In Railway v. Pape, the general rule is admitted to be that in the destruc-

tion of a crop the measure of damages is the difference between the value of the crop immediately before and its value immediately after the injury. The former rule was, however, held to be applicable from necessity, an unmatured crop of cotton not being a subject of sale, and therefore without market value.

The petition discloses in effect that the crop of peaches and apples had not approached anything like maturity, if the fruit had made its appearance at all upon the trees. We think, however, it was a matter of common information and hence of judicial knowledge, that at or about the date alleged, there was no fruit whatever upon the trees.

Still, plaintiff alleged that he had rented the place with the orchard for the purpose of cultivating and enjoying the same, and for the purpose of marketing the fruit which he expected to raise from the orchard during his term, and which was then growing. Although the fruit may not have made its appearance in the month of January, when the chances of the year's crop was destroyed, this furnishes no reason for holding as a matter of law that he was not deprived of a valuable crop, that was then in some stage of development.

It was held in Gulf, C. & S. F. Ry. v. Carter, 25 S. W. Rep., 1023, that the mode of measuring the damages which this petition sought to apply was applicable in a case where a crop had been planted but had not come up. In the present case the trees had been placed in a condition for proper production, and nothing remained but for the annual crop to develop. The particular stage of maturity would be immaterial in the case of a crop that is planted annually, and it must be so in the case of a fruit crop produced annually from trees, unless the fact that fruit trees are perenial and constitute a part of the realty, requires a different rule.

If there had been no leasing in this instance and the action had been brought by the owner, who was in the act of producing a crop of fruit from these trees, his damages would arise from, not only the loss of the particular crop, but from the loss of the trees. Arriving at his damages by the rule of difference in value of the realty with the trees and without the trees, would not have afforded him complete redress unless it included the damage he sustained by the loss of the fruit crop then in course of development. He certainly could have waived all other damage and sued alone for the loss done his crop. In our opinion the same rule for the measurement of damages is applicable to a crop that is growing, whether it be from plants annually grown, or from trees or other plants that grow permanently and produce annually. The reasons given in Railway v. Pape (supra) apply as well in both cases.

Petitioner had the property for the year and the crop was his. He had no interest in the permanent injury done the realty. His right extended only to the crop to be grown during that year and his injury was entirely separable from the injury done the owner. Recovery by him with reference to the crop independent of the trees, would not interfere with the right of the owner to the damages done the freehold, and in no way would tend to subject defendant to a double recovery. Appellee insists that plaintiff's measure of damages should have had reference to the rental value of the premises had the trees not been injured and the rental value immediately after the injury. This rule, if it furnished the exclusive or a proper method of arriving at the damages in this class of

cases would doubtless have been applied in the above cases involving the destruction of an ordinary annual crop, because equally applicable in those cases. See Colorado Water Company v. Hartman, 38 Pac. Rep., 62, where that mode of measuring the damages was disapproved in favor of the one that has been approved in this State and the one adopted by the present petition.

We see no substantial reason why plaintiff, a tenant, interested only in the year's crop the growth of which was arrested and destroyed, should not have his damages measured by the rule which obtains in cases of other annual crops.

We conclude the ruling was erroneous and the judgment should be reversed and the cause remanded.

*Reversed and remanded.*