## LONG v. RILEY.

(Court of Civil Appeals of Texas. Dallas. July 1, 1911.)

1. VENDOR AND PURCHASER (§ 274*)—VENDOR'S LIEN—RIGHT TO RECOVER.

In a suit to foreclose a vendor's lien note upon land, it is no defense that defendant has made permanent and valuable improvements.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 274.*]

2. PLEADING (§ 8*)—EVIDENCE (§ 441*)—PAROL—CONCLUSIONS—FRAUD, ACCIDENT, AND MISTAKE.

In a suit on a note, a plea of a parol agreement by plaintiff to carry the note until a certain policy should be paid was properly stricken where there were no specific allegations of fraud, accident, or mistake in the omission of the stipulation from the note, it being insufficient to allege bare conclusions of fraud, accident, or mistake.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8;* Fraud, Cent. Dig. § 37; Evidence, Cent. Dig. §§ 2030–2047; Dec. Dig. § 441.*]

3. APPEAL AND ERROR (§ 204*)—OBJECTIONS IN TRIAL COURT—ADMISSION OF EVIDENCE—EXCEPTIONS—NECESSITY.

One cannot complain of the admission of evidence not objected to when introduced.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1258; Dec. Dig. § 204.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Appeal from District Court, Collin County; J. M. Pearson, Judge.

Action by J. H. Riley against R. A. Long. From the judgment, defendant appeals. Affirmed.

Smith & Wilcox and Abernathy & Abernathy, for appellant. R. C. Merritt, L. J. Truett, and Garnett & Hughston, for appellee.

BOOKHOUT, J.    J. H. Riley, plaintiff, sued R. A. Long, defendant, in the district court of Collin county on four promissory notes, one note being for $750, and each of the other notes being for $321.40, alleging that said notes were given as part of the purchase money for certain tracts of land conveyed by plaintiff to defendant and described in plaintiff's petition. Copies of the notes were attached to the petition, and each note provided that failure to pay same or any installment of interest thereon when due should at the election of the holder mature all said notes, and plaintiff alleged that defendant had made default in the payment of said note for $750, and that he (plaintiff) elected to mature all said notes. Plaintiff also sued out a writ of sequestration, and possession of the premises was delivered to him by the sheriff of Collin county by virtue of said writ. Plaintiff prayed for judgment for the amount due on the notes, including attorney's fees, and for foreclosure of his vendor's lien. Defendant answered by general denial, and further alleged that at the time of the execution of the notes it was agreed and understood between plaintiff and defendant that the latter was to pay said $750 note out of the proceeds of an insurance policy to be collected thereafter, and that if said policy was not collected when said note became due plaintiff was to carry the note until the policy was collected, and that by fraud, accident, and mistake such stipulation was not incorporated in the writing. Defendant also alleged payment of certain sums and that he had made valuable improvements, that the affidavit of sequestration was untrue, and that the suing out of the writ was malicious, and prayed that the contract with plaintiff be rescinded and for actual and exemplary damages. Plaintiff excepted to the parts of said answer which set up the parol agreement in regard to the $750, and to the allegations as to fraud, accident, and mistake, and to the allegations as to permanent and valuable improvements, which objections were by the court sustained. The cause was tried before a jury, and verdict rendered for plaintiff for the amount due on the notes and awarding defendant $275 on his cross-bill. Plaintiff filed a remittitur of $125, and judgment was rendered accordingly. Defendant filed a motion for new trial, which was overruled, and perfected his appeal to this court.

[1] In the first assignment it is contended that the court erred in sustaining plaintiff's exceptions to defendant's pleadings to the effect that he built a house and placed other improvements on the land; that he placed the land in a good state of cultivation; that he put parts of the land in cultivation; that he made permanent and valuable improvements, dug ditches, hauled rock, and did work to improve the land. The court properly sustained the exception of plaintiff to this part of the answer. In a suit to foreclose a vendor's lien note upon land it is no defense to such suit that the defendant may have made permanent and valuable improvements on the land. Defendant was entitled to recover on his cross-bill against plaintiff, in so far as the writ of sequestration is concerned, only on the ground that such writ was wrongfully issued, and not on the ground that he had made permanent and valuable improvements on the premises on which plaintiff was seeking to foreclose the vendor's lien. Revised Stats. 1895, arts. 4864, 4865, 4867. Nor did the court err in excluding evidence that defendant had patched up the house with shingles, hauled brush and put in the gullies and built some hog lots.

[2] It is assigned that the court erred in sustaining exceptions to that part of defendant's answer setting up a parol agreement at the time of the execution of the note for $750 that it could be paid out of the money to be collected on an insurance policy, and that plaintiff agreed to carry the note until said policy was paid. It was alleged that this stipulation was omitted from the note by fraud, accident, or mistake. It was not error to sustain an exception to these allegations. A parol agreement cannot be set up to vary the terms of the written contract sued on in the absence of an allegation of fraud, accident, or mistake, and the allegations must state the facts constituting the fraud, accident, or mistake, and not the conclusions of the pleader. The note for $750 sued upon became due January 1, 1909, regardless of the fund out of which it was to be paid. Dolson v. De Ganahl, 70 Tex. 620, 8 S. W. 321; Du Bois v. Rooney, 82 Tex. 173, 17 S. W. 529; Weaver v. City of Gainesville, 1 Tex. Civ. App. 286, 21 S. W. 317; Rubrecht v. Powers, 1 Tex. Civ. App. 282, 21 S. W. 318; Willis v. Byars, 2 Tex. Civ. App. 134, 21 S. W. 320; Baines v. Mensing, 75 Tex. 200, 12 S. W. 984; Merrill v. Taylor, 72 Tex. 293, 10 S. W. 532; Fuller v. Pryor, 122 S. W. 418.

[3] It is assigned that the court erred in permitting the counsel to introduce A. A. Bellows and ask him what the reputation of J. H. Riley was, and to show that his reputation was good for honesty, and to show that his reputation for truth and veracity was good. The record does not show that any objection was made to the introduction of this evidence and the assignment cannot be considered.

There are various assignments complain-

ing of the admission of evidence, and certain clauses of the court's charge, and the refusal of certain charges requested by appellant. These assignments have been carefully considered by us, and because none of them point out reversible error the same are overruled. The verdict was sufficient to sustain the judgment, and the same is affirmed.

Affirmed.