TOM v. ROBERSON. (No. 507.) *

(Court of Civil Appeals of Texas. El Paso. Jan. 6, 1916. On Rehearing Feb. 10, 1916.)

1. EVIDENCE ⬦⟶450—PAROL EVIDENCE—"AMBIGUOUS" CONTRACT.

An "ambiguous" contract, to explain the terms of which parol evidence may be heard, is one capable of being understood in more senses than one; a contract obscure in meaning, through indefiniteness of expression, or having a double meaning.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2066–2082, 2084; Dec. Dig. ⬦⟶ 450.

For other definitions, see Words and Phrases, First and Second Series, Ambiguous.]

2. CONTRACTS ⬦⟶93 — OMISSION OF PAROL AGREEMENT—MUTUAL MISTAKE.

Omission of part of the oral agreement from the written contract is not by mutual mistake, where one of the parties, at the time of signing it, knows that all the agreement is not embraced in it.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 415–419; Dec. Dig. ⬦⟶93.]

On Rehearing.

3. LANDLORD AND TENANT ⬦⟶72—CONTRACT FOR LEASE—AMBIGUITY.

A contract reciting that R., having land leased for a year, leases it to T. at the same price R. paid N. for it, is not ambiguous as to the time T.'s lease is to run, which is only the year for which R. had a lease, even though R. again leases from N.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 218, 219; Dec. Dig. ⬦⟶ 72.]

Appeal from District Court, Martin County; S. J. Isaacks, Judge.

Action by J. B. Roberson against C. Tom. Judgment for plaintiff, and defendant appeals. Affirmed.

Jno. B. Littler, of Big Springs, S. W. Pratt, of Stanton, and Chas. Gibbs, of Midland, for appellant. Morrison & Morrison, of Big Springs, for appellee.

WALTHALL, J. This is a suit in trespass to try title, brought by J. B. Roberson, appellee, against appellant, C. Tom, seeking recovery of sections 21 and 29, block 36, township 2 N., T. & P. surveys in Martin county. Appellee claimed right of possession through a lease contract from J. F. Norton, the owner of the section. Appellant, Tom, pleaded "not guilty," and further pleaded his right of possession as sublessee from appellee. Appellee alleged that J. H. Epley, W. T. Epley, appellant, and appellee each own adjoining pastures in said county; that he (appellant) owns section 30, block 36, township 2 N., and is in the pasture of W. T. Epley; that section 33 in same block was formerly in the pasture of T. H. Epley, but is now in appellee's pasture; that said sections 21 and 29, involved in this suit, are now and for more than ten years have been in his (appellant's) pasture; that on February 13, 1912, a suit was pending in Martin county, in which suit W. T. Epley sued appellee on certain notes and to foreclose a lien; that about the time the suit was pending appellee had procured a lease to said sections 21, 29, and 33, neither of which was then in appellee's pasture; that pending the suit the two Epleys and appellant and appellee entered into a blocking contract with reference to said lands, resulting in a dismissal of said suit, at appellant's expense, with the agreement that J. H. Epley should yield his possession of section 33 to appellee, and that appellant should yield possession of his sections to J. H. Epley, and retain possession of said sections 21 and 29, and maintain one mile of fence along the north line of section 33, belonging to him (appellant) for the benefit of appellant, during the continuance of said arrangement; that the said blocking arrangement resulted in all controversies being adjusted, each party went into possession of the respective sections, as arranged, the suit was dismissed, expenses paid, and appellee's notes extended for one year, according to agreement; that it was understood and agreed that said blocking agreement should continue as long as the parties to the agreement owned or controlled the lands involved; that said agreement was attempted to be reduced to writing, a copy of which is made a part of appellant's answer. Appellant alleged that said written agreement, as written is ambiguous, in that "the intention of the parties thereto" is not made clear; "that by mistake and oversight the scrivener who reduced said agreement to writing failed to state definitely the life of said agreement, and by mutual mistake the parties to same signed said agreement as drawn." Appellant alleged that at the date of said agreement appellee held a lease from J. F. Norton covering sections 21 and 29 for a term of one year; that at the expiration of said lease, and pursuant to said blocking agreement, appellee procured another lease to sections 21 and 29 for a term of one year, and collected from appellant the rental due thereon; that at the expiration of that lease appellee procured another lease for one year, and again collected of appellant the annual rental, paying same to Norton, the owner; that at the expiration of said first and second lease contracts appellee represented to appellant that he would procure a renewal of the lease covering said sections 21 and 29 for the use and benefit of appellant, and in all things acquiesced in the original blocking agreement as made until the date of the renewal of the lease contract for the year 1915, appellant continuing to remain in possession of said sections 21 and 29 under said agreement during the years 1912, 1913, and 1914. Appellant alleged that, on account of appellee's having acquiesced in said original blocking contract from year to year and respected

same as a permanent blocking arrangement, appellee is now estopped to deny the agreement and demand possession of sections 21 and 29; that on account of the conduct of appellee in procuring said lease contracts from year to year, for the use and benefit of appellant, appellant made no effort to secure a lease for himself from the owner, but relied upon the agreement, and has purchased cattle with which to stock said sections, and will be damaged, etc.; that at the renewal of said lease by appellee of sections 21 and 29 for 1915 appellant offered to pay the rental to appellee, and tendered same in court.

Appellee filed a supplemental petition, admitting and denying some of the facts alleged, not necessary to state here, but denied that there was any agreement as to permanency of the blocking agreement, and alleged that the written agreement signed by the parties was the agreement made, and denied that any mistake was made or any part of their agreement was omitted from the writing; alleged that appellant paid him the same rental he paid the owner, and that at the expiration of the written agreement he verbally let said sections 21 and 29 to appellant each year, and refused to extend the verbal lease to appellant for the year 1915, proffering, however, one of said sections to appellant for 1915, which appellant refused to accept.

The case was tried before the court without a jury. The court made and filed findings of fact, and thereupon entered judgment for appellant.

### Findings of Facts.

Appellee leased from the owner sections 21, 29, and 33 on the 8th day of February, 1912, for a period of one year, and has renewed the lease each year since. Sections 21 and 29 were in appellant's pasture. After procuring the first lease a controversy arose between appellant and appellee on account of the two sections being in appellant's pasture. The following written contract was then made:

"The State of Texas, County of Martin.

"This article of agreement this day entered into by and between J. B. Roberson, of Martin county, Texas, and C. Tom, J. H. Epley, and W. T. Epley, of the county of Martin and state of Texas, witnesseth: That said J. B. Roberson, having all of sections Nos. 21, 29, and 33 in block No. 36, township 2 north, grantee, Texas & Pacific Railway Company, leased for the period of one year, and the said J. B. Roberson leases to C. Tom, at the same price he paid to Norton for said lease, and he, the said Roberson, retains the lease on said section No. 33 above described, and for such consideration for the two sections the said C. Tom agrees to pay all costs of a suit that was filed by W. T. Epley against the said J. B. Roberson to foreclose vendor's lien notes, provided it is agreeable with W. T. Epley for him to do so. It is further agreed that C. Tom is to have the fence on north line of said section 33 described, to be used by J. B. Roberson, during the life of this lease. It is further agreed that one-half of fence is to be built by J. B. Roberson and W. T. Epley jointly on the east side of the south one-half of section No. 32, and I, J. B. Roberson, agree that the one mile of fence on the east side of section No. 33 belongs to J. H. Epley, and the said W. T. Epley agrees to give J. B. Roberson one year's time on the land notes that are owned by J. B. Roberson, as he, W. T. Epley, provided the same time can be secured from Norton. This contract is signed by J. B. Roberson and C. Tom with the understanding it will meet the approval of J. H. Epley and W. T. Epley and signed by them. Witness our hands at Stanton, Texas, this 13th day of February, A. D., 1912. [Signed] C. Tom. J. B. Roberson. J. H. Epley. W. T. Epley."

In the negotiations arising on account of the controversy, Roberson and Tom agreed between themselves that, if Tom would secure an extension from J. H. Epley for a period of one year on the time of payment of the notes due to Epley by Roberson, Roberson would let Tom use sections 21 and 39 so long as he (Roberson) should have same under lease or under his control, it being contemplated at the time that Roberson should secure a renewal of the one-year lease from year to year; after entering into the agreement orally, in which it was contemplated, as a part of it, that Tom should have the use of said two sections 21 and 29, so long as they were under the control of Roberson, Roberson and Tom went to F. O. Aiken to have their oral agreement reduced to writing and the written contract signed by the parties, including the two Epleys; that the above written contract was prepared by Aiken, but was not what was orally agreed to and intended to have been reduced to writing; Roberson permitted Tom to use sections 21 and 29 from the 8th day of February, 1912, to the 8th day of February, 1915, and collected the rent therefor.

Before signing the written contract, Tom read it or had it read within his hearing, and remarked that it did not go far enough, meaning thereby that it did not cover all the oral agreement between himself and Roberson, but signed the contract as written, after understanding that it did not contain all of the oral agreement. Roberson on the 8th day of February 1915, declined to further permit Tom to use sections 21 and 29, and filed this suit on March 1st to recover possession. No evidence was introduced as to the rental value of the two sections. The written contract failed to state the oral agreement of Roberson and Tom, in that it did not state that Tom should have the use of sections 21 and 29 (the land in controversy) so long as Roberson should have a lease upon the two sections or have them under his control. From the time the written contract was signed to the 8th day of February, 1915, Roberson acquiesced in that part of the oral agreement not put in the writing, that Tom should have the use of the two sections, so long as he (Roberson) should have them leased, or have control of them. At the time of Roberson's refusal to further

let Tom have the use of the sections 21 and 29, and at the time the judgment was entered, Roberson had a lease on said two sections, or had them under his control.

[1, 2] Appellant presents two assignments of error. The first is to the effect that the judgment of the court does not conform to the findings of facts made by the court; and the second assigns error in the court's refusal to consider the oral testimony offered for the purpose of explaining the alleged ambiguity in the written contract as to its duration. The trial court's findings of fact in all things conformed to and sustained the allegations in defendant's answer upon which he relied for defense, except that there was no finding on the issue of fact pleaded that there was a mutual mistake made in drafting the written contract, in that it omitted to state that Roberson agreed to let Tom use said two sections of land so long as he should have same under lease or under his control, and that the omission of said fact from the contemporaneous agreement was through mistake as alleged; that the omission was through mistake was an essential element of defense. Nor did the court find that the contract was ambiguous. The omission of that part of the parol agreement from the writing would not, in our opinion, make the contract ambiguous. An ambiguous contract is one capable of being understood in more senses than one; a contract obscure in meaning, through indefiniteness of expression, or having a double meaning. If a contract is in fact ambiguous, parol proof can be heard to explain the terms or expressions or language used, and only for that purpose can negotiations leading up to the written contract be used. Lemp v. Armengal et al., 86 Tex. 693, 26 S. W. 941; Clark v. Regan, 45 S. W. 169. The evidence does not show that a mistake was made in omitting from the writing any part of the parol agreement. The court found that before signing the written contract Tom read same, or had same read within his hearing, and remarked that it did not go far enough, meaning thereby that it did not cover all of the agreement between himself and Roberson, but signed the contract after understanding that it did not contain all of the agreement. If Tom knew at the time he signed the contract that all of the parol agreement was not embraced in the written contract, its omission therefrom could not constitute a mistake. Lott v. Kaiser, 61 Tex. 665. In Janes v. Fred Heim Brewing Co., 44 S. W. 896, the court said:

"If the defendants desired to show that the written contract did not embrace the entire terms of the contract between plaintiff and W. T. Jones, they should have alleged that fact in their pleadings, and further alleged that it was omitted either through fraud, accident or mistake, and the evidence must have supported this allegation." Railway Co. v. Garrett, 52 Tex. 139.

Neither the evidence nor the findings of the court support the allegation of mutual mistake. The only material point of appellant's contention in the case, and to which his pleading is directed, is the issue of mistake in not embracing the alleged omitted part of the parol agreement in the written contract; and the evidence having wholly failed to show a mistake, the trial court could not properly have entered any other judgment than the one entered. The court was not in error in rendering judgment for appellee.

The case is affirmed.

### On Rehearing.

[3] In passing upon motion for rehearing, we have concluded that the following should be added to the original opinion:

The writing recites:

"The lessor, Roberson, having the land leased for the period of one year, the said J. B. Roberson leases to C. Tom, at the same price he paid to Norton for said lease."

It is apparent from this language that the life of the lease was the time Roberson had it leased. Tom was bound to know that he got no more by his contract than Roberson himself had. The time for which Roberson had the section leased being stated in the writing in direct connection with the consideration to be paid by Tom, "the same price as paid to Norton by Roberson," leaves no doubt that the length of time the lease was to run was the time Roberson's lease then had to run, and there is nothing in the writing to indicate that Roberson would again lease from Norton, nor that required him to so do; therefore, the time for which the lease was to run being clearly fixed by the writing, it was not ambiguous for that reason.

If the time for which the lease was to run does not clearly appear upon the face of the writing, the contract as written would be ambiguous, as contended by appellant. Willis v. Byars, 21 S. W. 320; Beard v. Gooch & Sons, 130 S. W. 1022; Brincefield v. Allen, 25 Tex. Civ. App. 258, 60 S. W. 1010; Giddings v. Lee, 84 Tex. 605, 19 S. W. 682. So parol evidence was not admissible to vary or add to the contract as written, except upon the theory that some matter under consideration at the time the writing was executed was left out by mistake of the parties to it. This proposition is, we think, properly disposed of by the original opinion.

The motion for rehearing is therefore overruled.