### ICKERT v. MINOR et al. (No. 643.)

Court of Civil Appeals of Texas. Eastland.
Dec. 13, 1929.

L. C. Counts, of Olney, and Marshall & King, of Graham, for appellant.

W. L. Scott and Fred T. Arnold, both of Graham, for appellees.

LESLIE, J. This is a suit by Mrs. Lillie Minor, individually and as community administrator of the estate of herself and James H. Minor, a person of unsound mind. It is against A. F. Ickert for damages accruing to her and said estate by reason of Ickert's alleged breach of a contract whereby each was to sell and convey to the other certain real estate; the same being in fact an exchange of properties. The defendant answered by general demurrer, special exceptions, general and special denial. The trial was before the court and jury, and, upon the verdict, judgment was rendered in favor of plaintiffs. The defendant appeals. The parties will be referred to as in the trial court.

The appeal is presented under various assignments of error and propositions thereunder. We find it unnecessary to consider any except the first assignment. It is addressed to the action of the trial court in overruling the general demurrer to the plaintiff's fifth amended original petition.

■ The assignment raises the question of the correctness of the court's ruling in respect to the general demurrer, and, if that ruling was not called to our attention by said assignment, it would be our duty to examine the record to determine whether or not the court committed fundamental error in its ruling on the general demurrer. Briley v. Hay (Tex. Civ. App.) 13 S.W.(2d) 997.

■ It is settled by the decisions of our courts that, where a petition, otherwise sufficient, shows on its face that the statute of frauds is a good defense to the cause of action, it is subject to a general demurrer. Stovall v. Gardner, 100 Tex. 25, 94 S. W. 218; Lott Town & Improvement Co. v. Harper (Tex. Civ. App.) 204 S. W. 452; Light Pub. Co. v. Moore, 46 Tex. Civ. App. 259, 101 S. W. 867; Ladies' Benevolent Soc. v. Magnolia Cemetery Co. (Tex. Civ. App.) 268 S. W. 198, 216.

Bearing in mind the above proposition, it is evident from an inspection of the plaintiff's fifth amended original petition that it contains elements rendering it subject to a general demurrer. The allegations affirmatively set forth that, soon after the execution of the original contract between the parties, it was discovered that some of the provisions thereof had been entered into under an erroneous assumption, rendering it expedient that the terms of the contract be modified, in order that the parties thereto might practically carry out their intentions; for instance, the original contract was entered into about the 5th of September, and it was provided, among other things, that each of the contracting parties should furnish each other a complete abstract of his respective property within five days from the date of the contract. The plaintiff, subsequent to the execution of the contract, ascertained that her abstract was not in Olney, Tex., and that she would be unable to furnish the same within the five days. Thereupon the plaintiff and the defendant entered into negotiations resulting in the elimination from the contract of the five-day provision, and providing in its stead for the time to begin to run "as soon as the original abstract was obtained, which plaintiff obtained about October 8th, 1926." The subsequent negotiations resulted in additional time being given to the defendant to enable him to put his deed in escrow along with the contract entered into. It was further provided that the defendant might continue the occupancy of the property being conveyed by him until November 1, 1926. Said oral negotiation involved a further provision, as alleged, in which the defendant agreed to "waive the matter of absolutely showing record title by abstract and supplements, and as regards the curing of any objections and defects of title being put in a supplement abstract, but that same might be shown by affidavits or other data, and in any manner that proved marketable title."

The original contract was, upon its face, entire and complete, providing, among other things, that each of the parties, within five days from the making thereof, should furnish complete abstract of his respective lands, and that such abstracts should disclose satisfactory and marketable titles. The plaintiff's petition further summarizes and emphasizes the effect and results of the subsequent negotiations on the original contract in this language: "That plaintiff and defendant then and there mutually agreed that said written contract as drawn should not have to be redrawn, but that as modified by and together with said oral agreements above set out, should altogether constitute their sales and escrow contract."

Without doubt this discloses that the original contract was changed, modified, and supplemented by a subsequent oral agreement entered into in the manner alleged. The subsequent parol agreement was a radical departure from the original agreement. The statute of frauds relates specifically to the sub-

ject-matter of the contract. The contract for the sale and transfer of real estate or any interest therein must necessarily be evidenced by some character of writing meeting the requirement of the statute of frauds. Such a contract was necessary in the instant case, and yet this suit affirmatively appears, from the plaintiff's petition, to be based upon an original contract in writing "as modified by and together with said oral agreements above set out, should altogether constitute their sales and escrow contract." The language of the pleading is significant, and we have embodied pertinent portions thereof in this opinion.

It necessarily follows that the suit is not based upon the original contract in writing, but it declares upon a contract partly in writing and partly in parol. In other words, the plaintiff seeks to sustain the cause of action on a subsequent oral contract, the subject-matter of which is found in the original writing, but the contract itself is found in the subsequent oral agreement sought to be proved, connecting itself with the writing as a part of its terms. To enforce such contract would practically annul the statute of frauds.

It is the general rule, and apparently the rule in Texas, that a contract required by the statute of frauds to be in writing cannot be modified by a subsequent oral agreement. The rule is stated in 27 C. J. p. 327, as follows: "Under the statute of frauds the rule is that parties to a written agreement coming within the provisions of the statute may not, by mere oral agreement, alter one or more of the terms thereof, and thus make a new contract, resting partly in writing and partly in parol."

Numerous authorities from various jurisdictions are cited by the text in support of this rule, and among them are the following Texas cases: Adams v. Hughes (Tex. Civ. App.) 140 S. W. 1163 (error denied); Gurley v. Hanrick's Heirs (Tex. Civ. App.) 139 S. W. 721; Beard v. Gooch, 62 Tex. Civ. App. 69, 130 S. W. 1022. To these may be added the following: Castro v. Illies, 13 Tex. 229; Kistler v. Latham et al. (Tex. Com. App.) 255 S. W. 983; Dial v. Crain, 10 Tex. 444; Van Hook v. Simmons, 25 Tex. Supp. 324, 78 Am. Dec. 573; Sanborn v. Murphy, 5 Tex. Civ. App. 509, 25 S. W. 459; Id., 86 Tex. 437, 25 S. W. 610; Willis v. Byars, 2 Tex. Civ. App. 134, 21 S. W. 320; Burgher v. Canter (Tex. Civ. App.) 190 S. W. 1147; John Bonicamp v. Starbuck, 25 Okl. 483, 106 P. 839, L. R. A. 1917B, 141, and annotations thereunder.

It follows that we are of the opinion that the court erred in overruling the defendant's general demurrer.

In disposing of the question before us, it must be borne in mind that no question of waiver of the time in which to furnish an abstract is presented, though such a question might arise in a proper case upon proper pleadings, as may be seen from an opinion by this court in Gattis et al. v. Kirk et al. (Tex. Civ. App.) 12 S.W.(2d) 589. It is unnecessary to prolong the length of this opinion by a discussion of the other propositions presented. They pertain to matters which will probably not arise upon another trial, and are such propositions as are frequently discussed in the authorities.

For the reasons assigned, the judgment of the trial court is reversed, and the cause remanded.