## GILLILAND v. KIMBROUGH.

### No. 14154.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 13, 1940.

Rehearing Denied Jan. 24, 1941.

W. S. Moore, of Gainesville, for appellant.

Fred H. Minor and Geo. M. Hopkins, both of Denton, for appellee.

BROWN, Justice.

Appellant Gilliland was plaintiff below and the parties will be referred to here as they appeared in the trial court.

The plaintiff brought suit against defendant Kimbrough for the purpose of procuring a judgment establishing an oil and gas leasehold right and title in and to a certain tract of 512 acres of land owned by defendant and in the alternative for damages because of the failure of the defendant to deliver the oil and gas lease upon such lands.

Plaintiff's allegations are, in substance, that on or about July 22nd, 1939, he entered into a written contract with defendant, whereby defendant agreed to lease to plaintiff said lands in consideration that plaintiff would commence the actual drilling of a well for oil or gas upon some part of said lands within 60 days from July 22nd, 1939, and drill same to a depth of 1,000 feet within 60 days from the commencement of such drilling, and when same had been drilled to a depth of 1,000 feet, if the plaintiff at that time had machinery upon the ground capable of drilling said well to a depth of 2,500 feet, said oil and gas lease covering the lands of the defendant would be delivered to plaintiff. He further alleged that he did not commence the drilling of the well in the time provided for by the contract, but that before the time expired the defendant, in writing, extended the time to commence such drilling for a period of 10 days from September 20th, 1939, but that he did not commence such drilling within the extend-

ed period, but before such time expired, on September 27th, 1939, defendant agreed in writing to again extend such time until October 7th, 1939; that plaintiff was not able to commence such drilling as had been provided for within the time alleged, but that before the expiration of the last extended period, on the 5th day of October, 1939, plaintiff procured from defendant another extension of time, to-wit: until November 20th, 1939, and such extension was agreed upon by defendant orally.

He further pleaded that with the consent of defendant he took possession of the lands and dug and constructed a slush pit to be used in the commencement of the drilling of the well, and further alleged that in order to procure part of the funds for the drilling of the well, it was agreed that plaintiff, with the assistance of the defendant, should sell part of the oil and gas lease to such persons as would buy same and that he found various prospective purchasers, some of whom are named by him. He then alleged that by reason of the time and efforts and money expended by him in good faith, the defendant is estopped to deny the binding effect of the extensions of time made by him.

The defendant leveled a general demurrer to plaintiff's petition, and a special exception urging that the plaintiff's petition shows that he is attempting to enforce a contract in violation of the statute of frauds.

The trial court sustained the general demurrer and such special exceptions and, plaintiff declining to amend, judgment was entered dismissing the suit. From this judgment plaintiff appeals.

■ In the beginning we desire to say that we are of opinion that the special exception referred to is no more than a general demurrer specifically calling the trial court's attention to the fact that the cause of action as pleaded violates the statute of frauds, Art. 3995, R.C.S. In the case of Beaton v. Continental Southland Savings & Loan Ass'n et al., Tex.Civ.App., 101 S. W.2d 905, 908, writ dismissed, a situation was presented that is similar to the one before us and the court expressed our views, in the opinion, by saying: "This, though in the form of a special exception, is in effect a general demurrer and states the grounds on which the formal general demurrer was sustained, and presents, concretely, the issues of this appeal."

■ Plaintiff's petition having shown upon its face that the statute of frauds is a good defense thereto, it is vulnerable when attacked by a general demurrer. Such authorities as Stovall v. Gardner, 100 Tex. 25, 94 S.W. 218; Ickert v. Minor et al., Tex.Civ.App., 22 S.W.2d 741; International Harvester Co. v. Campbell, 43 Tex.Civ.App., 421, 96 S.W. 93; Adams v. Hughes, Tex.Civ.App., 140 S.W. 1163, writ refused, and Vol. 20, Tex.Jur. page 351, support our views. In this case the plaintiff endeavors to recover upon an oral agreement made subsequent to the execution of the written contract, and of necessity, such oral agreement sets forth a material modification of the written contract.

■ This contract shows on its face that time is of the very essense of the contract, and we do not believe that the time for performance of such a written contract can be extended orally, as is attempted in the case before us. Our conclusions are not in conflict with Hamlett v. Coates, Tex.Civ.App., 182 S.W. 1144; Sizemore v. Bowling's Adm'r, Ky., 115 S.W. 737; Hammons v. Clwer, 59 Tex.Civ.App. 610, 127 S.W. 889; Bullis v. Presidio, etc., Mining Co., 75 Tex. 540, 12 S.W. 397; Baker v. Robertson et al., Tex.Civ.App., 163 S. W. 326; or with the principles announced in Vol. 20 Tex.Jur., at pages 301 and 344, cited by appellant.

Plaintiff may not rely upon any such oral modification. Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624, 118 A.L.R. 1505 (Com. of Appeals, opinion adopted by Sup.Ct.); Gulf Production Co. et al. v. Continental Oil Co., et al., Tex.Sup., 132 S.W.2d 553.

The demurrer is good against the plaintiff's alternative plea.

■ Under a discussion of our statute of frauds, in Vol. 20 Texas Jurisprudence, page 329, the following quotation from Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 1116, 15 A.L.R. 216, is found: "From an early time it has been the rule of this court, steadily adhered to, that to relieve a parol sale of land from the operation of the statute of frauds, three things were necessary: 1. Payment of the consideration, whether it be in money or services. 2. Possession by the vendee. And 3. The making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or, without such improvements, the presence

of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. Payment of the consideration, though it be a payment in full, is not sufficient. * * * Nor is possession of the premises by the vendee. * * * Each of these three elements is indispensable, and they must all exist."

The following recent cases reiterate the established rule: Ward v. Etier, 113 Tex. 83, 251 S.W. 1028; American Nat'l. Ins. Co. v. Warnock, 131 Tex. 457, 114 S.W.2d 1161; Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624, 118 A.L.R. 1505 (Com. of Appeals, opinion adopted by Sup.Ct.).

In the case of Woods et al. v. Bost et al., Tex.Civ.App., 26 S.W.2d 299, writ dismissed, it is held that the building of a derrick and bunk houses, digging a slush pit and placing tools on the ground, did not constitute the commencement of a well as a matter of law, while in the instant suit appellant alleges only that he dug a slush pit.

Finding no error, the judgment of the trial court is affirmed.