### D. C. GIDDINGS ET AL. v. MABEL DAY ET AL.

#### No. 7357.

1. **Presumption of Judgment, etc.**—Proof of the destruction of the records of a Justice Court, from which an execution purported to issue, having been made, we are of opinion that after the lapse of more than thirty years the existence of the judgment and execution recited in the sheriff's deed for land sold under it ought to be presumed. The judgment and execution were recited in the sheriff's deed produced in evidence.

2. **Imperfect Description in Deed.**—If the land intended to be conveyed be so inaccurately described that it appears on an inspection of the deed the identity of the land is altogether uncertain and can not be determined, the court should pronounce it void; but when the uncertainty does not appear upon the face of the deed, but arises from extraneous facts, as in other cases of latent ambiguity, parol evidence is admissible to explain or remove it.

3. **Same — Case in Judgment.** — Sheriff's deed described the land sold as follows: "One-third of a league of land, known as survey No. 280, on David's Creek, a branch of the Colorado River, about one mile from the mouth of said river and about twelve miles from the mouth of the Concho, described in letters patent dated 15th day of October, A. D. 1851." The sale was made September 2, 1851, by the sheriff of Travis County. The patent bore date October 15, 1850, to John H. Kam, for "one-third of a league of land situated and described as follows: In Travis County, known as survey No. 280, on David's Creek, a branch of the Colorado River, about one mile from said river, and about twelve miles below the mouth of the Concho River." Suit was brought for the land in Coleman County. The petition claimed "the north half of the John H. Kam survey No. 280, situated in Coleman County, Texas," and gave the field notes as in the patent. In connection with the deed was offered evidence showing that the land sued for was survey No. 280, patented to Kam; was one mile from the river, on David's Creek, and twelve miles below the mouth of the Concho; and that the land formerly was in Travis County. This was excluded, as was the sheriff's deed, for want of sufficient description. *Held*, error; the defects in the description were latent; the testimony explanatory should have been admitted. Besides, the court will take judicial knowledge of other facts which will detect the error in the description and give certainty to it. See discussion.

APPEAL from Coleman.   Tried below before Hon. J. W. TIMMINS. No statement is necessary.

*R. W. Brown* and *T. J. White*, for appellants.—1. The descriptive part of a deed should be taken as a whole; and when a deed on its face purports to convey property, it should not be pronounced void upon mere inspection, if the land conveyed can be identified by the aid of extrinsic evidence.

2.   Where there is an ambiguity in the descriptive part of a deed which can be explained by parol testimony, it is error to exclude it when offered for such purpose.  Wilson v. Smith, 50 Texas, 369;  Kingston v. Pickins, 46 Texas, 101;  Camley v. Stanfield, 10 Texas, 550.

3.   A sheriff's deed over thirty years old, reciting the judgment and execution upon which it is based, is admissible in evidence when parties or their attorneys have filed a proper affidavit showing the destruction of the records that contained such judgment and execution, and accounting for the nonproduction of same.   Ruby v. Von Valkenberg, 72 Texas, 459;  Tudor v. Hodges, 71 Texas, 392;  French v. McGinnis, 69 Texas, 19;  Fletcher v. Ellison, Posey's U. C., p. 664.

*Sims & Snodgrass,* for appellees.—1. The deed excluded by the court being void upon its face for uncertainty in description, and being a sheriff's deed under execution sale, parol evidence is not admissible to supply defects in description of the property sold, especially as was attempted in this case, to contradict the description recited in the deed. Wofford v. McKinna, 23 Texas, 46;  Harkness v. Devine, 73 Texas, 628.

2.   As the deed offered in evidence purported to have been executed under and by virtue of an execution issued out of a Justice Court of Galveston County, before the copy of the deed was admissible as an ancient instrument, without producing the original judgment or execution, proof must be made that the original judgment and execution has been lost or destroyed, and this proof must be made by the custodian of the record.   Edwards v. Barwise, 69 Texas, 84;  French v. McGinnis, 69 Texas, 19.

STAYTON, CHIEF JUSTICE.—This action was brought by appellants to recover one-half of one-third of a league of land patented to John H. Kam, October 15, 1850, and they seek to deraign title through an execution sale based on a judgment against the patentee.

When the deed from the sheriff was offered it was objected to, on the ground that it was void on its face for want of sufficient description of the land attempted to be conveyed, and on the further ground, that it was not admissible in the absence of the judgment and execution under which the sale was claimed to have been made.   Neither the execution nor the judgment on which it was claimed to be based were offered in

evidence, nor was there any offer to prove that they ever existed otherwise than by recitals in the sheriff's deed and by the affidavit of an attorney of the destruction of the records that "contained the judgment and execution."

The sheriff's deed recited a judgment rendered on March 29, 1851, by A. Stewart, justice of the peace for Galveston County, against John H. Kam and in favor of David Ayers, and the receipt of an execution issued on that judgment by virtue of which the sale was made by the sheriff of Travis County.

The sheriff's deed declared that a levy was made on and that a sale was made of land described as "one-third of a league of land, known as survey No. 280, on David's Creek, a branch of the Colorado River, about one mile from the mouth of said river, and about twelve miles from the mouth of the Concho, described in letters patent dated 15th day of October, A. D. 1851," and purports to convey the land thus described without otherwise describing it. The deed recites, that the sale was made on the first Tuesday in September, 1851, and bears date September 2 of same year.

A patent bearing date October 15, 1850, was read in evidence, conveying to John H. Kam "one-third of a league of land, situated and described as follows: In Travis County, known as survey No. 280, on David's Creek, a branch of the Colorado River, about one mile from said river, and about twelve miles below the mouth of the Concho River," of which the field notes were given in the patent.

The petition described the land sued for as "the north-half of the John H. Kam survey No. 280, situated in Coleman County, Texas," and gave the field notes of that as in the patent. In connection with the sheriff's deed, plaintiffs proposed to prove by three witnesses, "that the land in controversy was patented to John H. Kam; that it suited the description of the property conveyed in said deed; that it was survey No. 280, of one-third of a league; that it was on David's Creek, a branch of the Colorado River; that it was about one mile from said river, and about one mile from the mouth of said creek, and about twelve miles below the mouth of the Concho, and that it was located in the territory which was at the date of said deed a part of Travis County, and that there was only one survey No. 280 in that locality."

All of the evidence referred to was rejected, as were deeds connecting plaintiffs with the conveyance made by the sheriff of Travis County.

Proof of the destruction of the records of the Justice Court from which the execution purported to issue having been made, we are of the opinion that after the lapse of more than thirty years the existence of the judgment and execution recited in the sheriff's deed ought to be presumed, and the real question is as to the sufficiency of the description of the land contained in that deed.

The ruling of the court in this respect was evidently based on the face of the deed, and the correct rule in reference to the duty of a court when called upon to pass upon such a question is that stated in Kingston v. Pickins, 46 Texas, 101, as follows: "The construction of a deed, being matter of law, is for the court. If, therefore, the land intended to be conveyed by it be so inaccurately described that it appears on an inspection of the deed the identity of the land is altogether uncertain and can not be determined, the court should pronounce it void; but when the uncertainty does not appear upon the face of the deed, but arises from extraneous facts, as in other cases of latent ambiguity, parol evidence is admissible to explain or remove it. In such case the deed should not be excluded from the jury, but should go to them along with parol evidence to explain or remove such ambiguity; and the identity of the land is then a mixed question of law and fact, to be determined by the jury under the instructions of the court."

This rule is as applicable to deeds made to consummate sales made by sheriffs under executions as to deeds made by private persons. Wilson v. Smith, 50 Texas, 369.

Looking to the description of the land contained in the sheriff's deed, we ascertain that the quantity of land sold was one-third of a league, and that this was known as "survey No. 280," which would be very indefinite, for probably a survey for same quantity of land having that number might be found in most of the surveyors' districts in the State; but the locality as well as the area of the survey is given. The survey for that quantity of land and bearing that number is declared to be "on David's Creek," which is identified as a creek of that name which is a tributary of the Colorado River, and enters that stream about twelve miles below the mouth of the Concho.

If this was the only description of the land given in the deed, no court could say that the land might not be identified by it and found by a person familiar with the locality thus generally described, but it is suggested that the sheriff's deeds locates survey No. 280 about one mile from the mouth of the Colorado River, and declares that it was patented on October 15, 1851, and that these are inconsistent with the other matters referred to for description. To this it must be replied, that the inconsistency does not appear in the face of the description, but only becomes apparent when we look to facts outside of the description given in the deed, and this but presents the case of a latent ambiguity which may be removed by extrinsic evidence, and that such evidence may consist in part of proof of facts of which the courts of this State would take judicial notice is unimportant.

The land in controversy is situated in Coleman County, and this court may take judicial notice of the fact that the territory now embraced in that county was at one time a part of Travis County; as may it of the further facts, that the Colorado River is the southern boundary

of Coleman County; that the Concho River is a tributary of the Colorado, emptying into that stream far above the city in which this court is now sitting, while the mouth of the Colorado is in Matagorda County, which is one of the counties of the State bordering on the Gulf of Mexico. From this it would be known, that land on a tributary of the Colorado River entering into that stream about twelve miles below the mouth of the Concho could not be situated about one mile from the mouth of the Colorado River, and so much of the description should be disregarded, in view of the combination of other descriptive facts contained in the deed, which show clearly that the call for the land at a place about one mile from the mouth of the Colorado River was made by mistake, when the call for the land should have been at a place on David's Creek, *about one mile from the mouth of that stream.* ·

The parol testimony offered would have clearly identified the land in controversy with that described in the sheriff's deed and in the patent offered in evidence, and should have been admitted with the deed. The fact that the deed states that the patent bore date October 15, 1851, was so stated by mistake is evident from the fact that the deed bears date September 2, 1851, while the true date of the patent was October 15, 1850.

The objection to the evidences of right through which appellants sought to connect themselves with the purchaser at the sheriff's sale, resting as it did solely on the proposition that the sheriff's deed conveyed no title to Ayers, should have been overruled.

Whether the judgment in the case of D. C. Giddings et al. v. Julia Lyon et al. was admissible in evidence would seem to depend on whether it was a link in the chain of title from Ayers to appellants, and upon the question of the jurisdiction of the court that rendered it over the persons of the defendants therein; but the record does not so present the facts as to enable this court to decide whether the judgment should have been admitted.

For the errors noticed the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 13, 1892.