WACASER et al. v. ROCKLAND SAVINGS BANK. (No. 1369.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 14, 1914. Rehearing Denied Dec. 17, 1914.)

1. EVIDENCE (§ 372*)—ANCIENT DOCUMENTS—ADMISSIBILITY.

In 1873 plaintiffs' ancestor executed a deed of trust which was duly filed for registration. The land was sold by the trustee in the following year, and the title of defendants and their predecessors under the trust deed was not questioned for over 30 years. Rev. St. 1911, art. 3700, declares that every instrument actually recorded for a period of ten years shall be admitted without proof of execution, provided no adverse claim is made, and provided that it shall be filed with the papers in the case three days before trial, and unless the opposite party, or some one for him, shall make an affidavit of forgery. Held that, notwithstanding the filing of an affidavit of forgery, a certified copy of the deed of trust was admissible in accordance with article 3703, providing for the admission of such copies.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1613–1627; Dec. Dig. § 372.*]

2. EVIDENCE (§ 372*) — PRESUMPTIONS — ANCIENT DOCUMENTS.

Where the deed made by a trustee pursuant to the powers contained in the deed of trust was an ancient document, and did not affirmatively show that there was no compliance with the trust, it will be presumed that the trustee complied with the provisions of the trust deed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1613–1627; Dec. Dig. § 372.*]

Appeal from District Court, Morris County; H. F. O'Neal, Judge.

Suit by Jeff Wacaser and others against the Rockland Savings Bank. From a judgment for defendant, plaintiffs appeal. Affirmed.

The brief of appellants states that the suit was brought by appellee against them to remove cloud from title to 618 acres of land and to recover title and possession of same. Appellants set up the plea of not guilty and that the deed of trust from W. F. Wacaser to J. B. Roark was a forgery, and, further, that the trustee in making sale did not post a public notice of sale at the courthouse of the county where the sale was made. There was a trial to the court with a jury, resulting in judgment in favor of the appellee.

It was admitted that the appellants were the heirs, and only heirs, of W. F. Wacaser and his wife, and that both of the latter are dead. The appellee proved a patent to the land in suit issued by the state on April 4, 1868, to W. F. Wacaser, assignee of the Buffalo Bayou, Brazos & Colorado Company. On August 3, 1873, W. F. Wacaser executed a deed of trust with power of sale to J. B. Roark, to secure an indebtedness by note to Everett Lane and J. A. Jones. The deed of trust was filed for registration August 22, 1873. J. B. Roark, as trustee executed a conveyance of the land on July 17, 1874, to Everett Lane, acknowledged by one of the two subscribing witnesses, and registered

---

December 4, 1874. The deed recites sale under powers of the deed of trust and in compliance with its requirements and terms. Everett Lane, on December 28, 1898, executed a conveyance of the land. to appellee, which deed was registered April 14, 1899. It was admitted the land was wild land, and had never been in the actual occupancy or use of any one. The record admits payment of all taxes by appellee. There is no proof offered by appellants except that arising from heirs of W. F. Wacaser and wife, both deceased. The facts support the judgment.

P. A. Turner, of Texarkana, and G. D. Hart, of Daingerfield, for appellants. Rolston & Rolston and Ward & Ward, all of Mt. Pleasant, for appellee.

LEVY, J. (after stating the facts as above). [1] It is urged by the first assignment that there was error in admitting the certified copy of the deed of trust from W. F. Wacaser to J. B. Roark, trustee. The certified copy, properly filed for more than three days among the papers of the case, was tendered in evidence with affidavit accounting for the nonproduction of the original instrument, and in connection with oral evidence of a witness that no adverse nor inconsistent claim to the one evidenced by such instrument had been asserted during the previous ten years to the date of this suit, or since the deed of trust had been registered for record in the county clerk's office. The precise objections to the introduction of the certified copy of the instrument made and insisted upon are that an affidavit had been made and filed for defendants, stating that the affiant believed the deed of trust to be a forgery, and further that, as the original was not an instrument subject to registration, a copy thereof could not be admitted as an ancient instrument. Article 3700, R. S. of 1911, provides that:

"Every instrument which has been, or hereafter may be, actually recorded for a period of ten years in the book used by the said clerk for the recording of such instruments, whether proved or acknowledged in such manner or not, shall be admitted as evidence in any suit in this state without the necessity of proving its execution, provided, no claim adverse or inconsistent to the one evidenced by such instrument shall have been asserted during that ten years; provided, that the party to give such instrument in evidence shall file the same in among the papers of the suit in which he proposes to use it at least three days before the commencement of the trial of such suit, and give notice of such filing to the opposite party or his attorney of record; and unless such opposite party, or some other person for him, shall, within three days before the trial of the cause, file an affidavit stating that he believes such instrument of writing to be forged."

The purpose of this article is to establish a rule of evidence. It was considered in Hancock v. Lumber Co., 65 Tex. 225, that a certified copy of the instrument recorded would stand as would the original instrument, on compliance with the other provisions of the law, and be admissible in like manner as the original could be. And in Holmes v. Coryell, 58 Tex. 680, a certified copy of the record was offered as an ancient instrument, and was objected to because an affidavit of forgery was made and filed. The court declined to sustain the objection, holding that the statute, "does not impose any burden upon a party who desires to use an instrument in evidence, against which an affidavit of forgery has been filed, greater or other than the common-law rules of evidence would have imposed upon the party offering the instrument. When the affidavit of forgery is filed, the party is simply remitted to the common-law method of proving the execution of the instrument before it can be used in evidence." That case further discusses the extent of proof to admit in evidence a copy as an ancient instrument. In Brown v. Simpson, 67 Tex. 225, 2 S. W. 644, the ruling in Holmes v. Coryell was approved, but in that particular case it was held error to admit in evidence the copy, because "in this case the certificate of the clerk to the copy from the records shows that the date of the registration of the instrument does not appear, and no proof was introduced to show when the record was made." In the instant case above in the clerk's certificate to the copy it is stated:

"The above deed of trust was filed for record the 22d day of August, 1873, at 7:30 o'clock a. m., and recorded in Book 'P,' pages 671, 672, 673, Upshur County Records."

Purporting, as the certificate does, to show the fact of filing and recording in the deed book of Upshur county, where the tract was partly situated, and the date, it would appear where and when the record was made, and be of over 30 years' record. The statute expressly authorizes copies of transcribed records to be admitted in evidence with like effect as certified copies of the original records. Article 3703, R. S. 1911.

[2] By the next assignment the point is made that there was failure of the trustee to make sale in accordance with the terms of the deed of trust. The deed of trust empowered the trustee, in default of payment of the note, to make sale of the land "at the courthouse door in Gilmer in said county, complying in all respects with the requirements of the law in selling under execution issued out of the district court." The deed of trust, has the recital that the trustee, "after having first given thirty (30) days' public notice of the time, terms, and place of sale and of the property to be sold by advertisements posted at three public places in the said county of Upshur on the 20th day of May, A. D. 1874, did proceed to sell the property described in said deed of trust at public vendue to the highest bidder for cash at the courthouse door in Gilmer on the 7th day of July, 1874, between the hours prescribed by law." There was no evidence to the contrary of the recital. The face of the recital

does not show that notices had been posted or place of sale made in violation of the provisions of the deed of trust. As an ancient instrument, and not showing a violation of the terms of the trust, all circumstances necessary to the legal validity of the conveyance will be assumed. 27 Cyc. 1495; 9 Ency. of Evidence, 183. See Giddings v. Day, 84 Tex. 605, 19 S. W. 682.

Affirmed.