### SLEDGE et al. v. CRAVEN.
### No. 12493.

Court of Civil Appeals of Texas. Galveston.
Jan. 29, 1953.

Allan H. Kottwitz and Bernard Kay, Houston, for appellants.

Roane & Pollan and Elbert V. Pollan, Rosenberg, for appellee.

MONTEITH, Chief Justice.

This trespass-to-try-title suit was brought by V. M. Craven in the District Court of Fort Bend County, Texas, for the recovery from William M. Sledge and some 150 other defendants of the mineral interest in and under 27 acres of land out of Lot 1, Block "A" of Section 8, B. B. B. & C. Ry. Co. Survey, Fort Bend County, Texas. Appellee, in his pleadings, claimed both the record title to the land sued for and title under the 3, 5, 10 and 25 year statutes of limitation.

Appellants in their answer disclaimed any interest in the surface rights of the land sued for. They alleged that they owned an undivided ⅐th interest in the oil, gas and other minerals in and under the land sued for in the following amounts and proportions: Grace A. Voelkel, a 40% of an undivided ⅐th; that F. T. Craig owned 30% of said undivided ⅐th interest, and that A. H. Davis owned a 30% interest in

said undivided ⅐th interest. L. F. Hardin, who was appointed attorney and guardian ad litem for the defendants cited by publication, filed a general denial and a plea of not guilty in behalf of the defendants represented by him.

In a trial before the court, without a jury, judgment was rendered for appellee for all interest in the land sued for.

At the request of appellants, the trial court prepared and caused to be filed his findings of fact and conclusions of law. He found that appellee had introduced in evidence a regular chain of title showing a record title in himself to the land sued for; that appellee had been in open, notorious and continuous possession of the land under recorded deeds for more than five years before the filing of suit; that he had paid all taxes due thereon during that time before they became delinquent, claiming said land as his own against every one, and that appellee had been in open notorious and adverse possession of said land for more than ten years and for more than twenty-five years before the filing of this suit. The court found that appellants, Grace A. Voelkel and her husband, and F. T. Craig and A. H. Davis had failed to prove title to the minerals under the land in themselves. He found that the Constable's deed under which appellants claimed title was not supported by evidence showing the authority of the Constable to sell their claimed interest in the land and that said Constable's deed, being less than 30 years old, was not an ancient instrument and that the recitations therein were not prima facie evidence of the matters stated therein.

Under their first, fifth and sixth points of error appellants contend that the trial court erred in concluding that appellee had proved a record title in himself and in concluding that the Constable's deed under which they claim title to a mineral interest in said land, being less than 30 years old, was not an ancient instrument and that the recitals therein are not prima facie evidence of the matters stated therein.

They contend that under the judgment, abstract of judgment, Constable's deed,

deed from A H. Davis to F. T. Craig, et al. and a mineral deed from A. B. Wilson to Mrs. Grace A. Wilson, they had acquired the title of W. W. Craven to a ⅓th interest in the minerals in the land sued for.

Appellants offered in evidence the testimony of the Clerk of the Justice Court in which said judgment was rendered to establish the fact that all of the records in connection therewith had been lost or destroyed. The Clerk of said court testified that after diligent search he could not find any of the papers in connection with said case except the judgment on the docket book kept by the court, a certified copy of which judgment was offered in evidence.

They also offered the testimony of appellants' attorneys to prove that they had made diligent efforts to find the execution and other papers in the Justice Court in which said judgment had been rendered. They testified that they were unable to find any of such papers. The Constable's deed offered in evidence was dated June 2, 1931. It had been recorded in Harris County, Texas on January 18, 1932 and in Fort Bend County, Texas, on November 16, 1935. At the time of the trial said deed was more than twenty-one years of age.

Under their second, third and fourth points appellants contend that the trial court erred in concluding that appellee had proved sufficient facts to give him title under the five, ten and twenty-five year statutes of limitation.

In 41 Tex.Jur. at page 491, it is said that, "A sheriff's or constable's deed does not establish title in the plaintiff unless proof is made of the officer's power to sell the property."

■ In the early case of Wofford v. McKinna, 23 Tex. 36, the Supreme Court held that a sheriff's deed is inoperative without proof of his power to sell and that it is no evidence of title, without the production of the judgment and execution.

■ In Vol. 18, Tex.Jur. page 734, it is said that, " * * * a sheriff's deed is admissible as an ancient document, proof being made of the loss or destruction of the original judgment and execution. In such a case the recitals of the deed establish prima facie the fact of authority for its execution. But a satisfactory reason for the nonproduction of the records by authority of which the deed was executed must be shown." Ruby v. Von Valkenberg, 72 Tex. 459, 10 S.W. 514; Kenley v. Robb, Tex.Com.App., 245 S.W. 68, reversing Tex.Civ.App., 193 S.W. 375; W. T. Carter & Bro. v. Bendy, Tex.Civ.App., 251 S.W. 265, affirmed Tex.Com.App., 269 S. W. 1037; Middlesworth v. Houston Oil Co., 5 Cir., 184 F. 857.

■ In Vol. 17, Tex.Jur. at page 704, it is said that, "To be admissible as an ancient instrument, the document must be shown to have been in existence more than thirty years."

The case of Giddings v. Day, 84 Tex. 605, 19 S.W. 682, involved the admissibility of a sheriff's deed on the ground that it was not admissible in the absence of a judgment and execution under which the sale was claimed to have been made. Neither the execution nor the judgment on which it was claimed to be based were offered in evidence, nor was there proof that they ever existed other than by recitals in the deed and by the affidavit of an attorney of the destruction of the records that "contained the judgment and execution."

In the case of W. T. Carter & Bro. v. Bendy, Tex.Civ.App., 251 S.W. 265, it was held that before the recitals in a sheriff's deed can be taken as prima facie evidence of the matters stated therein, the sheriff's deed must be over 30 years old.

In the case of Mills v. Pitts, 121 Tex. 196, 48 S.W.2d 941, 84 A.L.R. 319, the Supreme Court of this State held that nothing is better settled than that the authority of the sheriff to pass the judgment defendant's title at a sale under foreclosure by decree of court rests upon the decree and order of sale. It is for this reason that the purchaser must introduce in evidence the decree of foreclosure and the order of sale in order to establish a valid divestiture of title out of the judgment defendant through a judicial foreclosure and sheriff's sale. If the decree and order of sale fail to au-

thorize such a sale as the sheriff undertook to make, no title passes thereby. (Citing authorities).

In the case of Giddings v. Day, supra, it is said that, "Proof of the destruction of the records of the justice's court from which the execution purported to issue having been made, we are of opinion that, after the lapse of more than 30 years, the existence of the judgment and execution recited in the sheriff's deed ought to be presumed, and the real question is as to the sufficiency of the description of the land contained in that deed."

■■■ While limitations will not ordinarily run against a severed mineral interest in land, the record in this case shows that after appellee had acquired the mineral interest in said land in the partition deed of August 10, 1940, the mineral interests were merged with his mineral interest and that his possession extended to both the surface and the mineral interest in the land.

We have carefully considered all other points presented by appellants in their brief and finding no reversible error, the judgment of the trial court is in all things affirmed.